(122 So. 617)

### WILSON v. STATE. (8 Div. 695.)

Court of Appeals of Alabama. March 19, 1929.

Rehearing Denied April 30, 1929.

Bradshaw & Barnett, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J. Appellant was convicted, generally, on a trial under an indictment in two counts—the first charging him with the offense of unlawfully distilling alcoholic, etc., liquors, and the second with the offense of having in his possession a still, etc., to be used for the purpose of manufacturing alcoholic, etc., liquors contrary to law.

Exception was reserved to that part of the trial court's oral charge which was as follows: "Now these words 'aid and abet' as I have used them are defined in law as follows: The words 'aid and abet' comprehend all assistance rendered by words, acts, encouragement, support, or presence, actual or constructive, to render assistance should it become necessary."

In a very skillfully composed brief filed on this appeal, appellant's able counsel carry us through the dictionaries of Rapalje & Lawrence, Bouvier, Webster, and maybe some others, in an effort to show, by a microscopical examination of the etymology of the words "aid and abet" that the portion of the oral charge excepted to was erroneous. But we are not persuaded. So far as we can see, and we so hold, the said portion of said charge stated the law correctly. See Raiford v. State, 59 Ala. 106. Also, Lowery v. State 22 Ala. App. 262, 114 So. 631.

No other question worthy of mention is apparent. There being no prejudicial error, the judgment is affirmed.

Affirmed.