(122 So. 617)

## WILSON v. STATE. (8 Div. 112.)

Supreme Court of Alabama. May 23, 1929.

Bradshaw & Barnett, of Florence, for petitioner.

Charlie C. McCall, Atty. Gen., for the State.

SAYRE, J. █ Petitioner correctly asserts that, in order to convict of a criminal offense by proof that defendant aided or abetted the commission of the offense, the burden rests upon the state to prove something more than defendant's mere presence at the commission of the offense. The more intimate objection taken by petitioner—appellant in the Court of Appeals—to the trial court's definition of "aid and abet" is that the court failed to instruct the jury that defendant's mere presence was not enough to con-

vict; that at least he must have been present with the purpose to aid and abet; and that the other parties engaged in operating the still had knowledge of the fact. In the matter of review of the decisions of the Court of Appeals as petitioner proposes, this court, time and again, has refused to go into any examination of questions of disputed fact. Postal Tel. Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91. That case has been more frequently cited in the subsequent opinions of this court than any case in our books. We therefore, so far as concerns the review here proposed, take the opinion of the Court of Appeals at its face value. From that opinion it appears that the trial court, responding, as we must presume, to the proper demands of the case on trial, defined "aid and abet" as comprehending "assistance" rendered by "presence." We find no error in this definition by the trial and appellate courts. If the exigencies of petitioner's case required further definition by way of informing the jury that mere presence with no purpose to assist was in law and fact no assistance, a charge to that effect should have been requested.

Writ denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.