**UNITED STATES of America**

v.

**Carlos MARCELLO.**

**Cr. No. 19234.**

United States District Court
E. D. Louisiana,
New Orleans Division.

March 9, 1962.

---

3. See, Note, Sufficiency of Circumstantial Evidence In a Criminal Case, 55 Columbia L. Rev. 549 (1955).

partment of Justice, Washington, D. C., for the United States.

AINSWORTH, District Judge.

By a proceeding by petition in the nature of a writ of coram nobis petitioner seeks to have this court vacate and set aside a narcotics conviction and sentence, the full term of which has long since been served. This petition is filed in the original criminal docket numbered case in which petitioner was originally convicted.

On April 25, 1938 petitioner was indicted on two counts in this court for making transfers of marihuana, on December 6, 1937 and December 15, 1937, in violation of the Marihuana Tax Act of 1937, 26 U.S.C.A. § 4741 et seq.

On May 2, 1938 petitioner pleaded "not guilty." On October 29, 1938 he withdrew his plea of "not guilty" and pleaded "guilty" to both counts. He was convicted on his plea of "guilty" and sentenced to one year and one day to a federal penitentiary. This conviction is the basis for a deportation order presently pending against petitioner by the United States.

Petitioner alleges in his petition that at the time of conviction and sentence he was not represented by counsel and that he did not waive such right, in violation of his constitutional rights under the Sixth Amendment of the U. S. Constitution. He further alleges that he was not guilty of the crime of violating the Marihuana Tax Act of 1937 and that he was entrapped into making the aforesaid transfers by an agent of the U. S. Bureau of Narcotics.

The United States has filed a motion to dismiss the petition for writ of coram nobis, relying on the record in this case, the pertinent parts of which are this court's minute entry of October 29, 1938 and the judgment and commitment of the same date bearing the signature of the presiding judge (who is now deceased), both of which documents affirmatively show that Marcello appeared in person and by counsel. Oral argument

G. Wray Gill, New Orleans, La., Michel A. Maroun, Shreveport, La., Jack Wasserman, Washington, D. C., for petitioner.

Kathleen Ruddell, U. S. Atty., Peter E. Duffy, Asst. U. S. Atty., New Orleans, La., Maurice A. Roberts, Attorney, De-

has been heard and briefs submitted on the motion. It is the Government's position that the sworn allegation of petitioner that he appeared without counsel is insufficient to show that the recitals of the judgment are incorrect, and that unless he comes forward with specific allegations which would be sufficient, if proved, to warrant the court to conclude that the record is erroneous and to correct the record, the court is entitled to give that record conclusive effect, and deny a hearing.

The Government cites United States v. Sturm, 7 Cir., 180 F.2d 413, 414, cert. den. 339 U.S. 986, 70 S.Ct. 1008, 94 L. Ed. 1388, as authority for its motion to deny a hearing on the petition for writ. In the cited case petitioner's motion, apparently based upon Section 2255, Title 28 U.S.C.A., was denied. There the court said that the motion, however, "although replete with legal conclusions, wholly fails to aver the facts upon which those conclusions are, of necessity, founded." In the instant case petitioner has alleged that he was not represented by counsel nor did he waive counsel at the time of sentence. On the hearing of the Government's motion to dismiss the petition petitioner's counsel stated that if a hearing is ordered they would produce witnesses who were present in court at the time of the plea and sentence and who would testify that petitioner was not represented by counsel and that he was not given the opportunity by the court to waive representation by counsel.

The Government also contends that coram nobis is a civil remedy and broad discovery, as in other civil cases, should be permitted against petitioner prior to granting a hearing. Petitioner opposes discovery and avers that coram nobis, as used here, is criminal in nature; therefore, that discovery is not authorized.

■■■ Writs of coram nobis were abolished by the framers of the Federal Rules of Civil Procedure when they adopted Rule 60(b), 28 U.S.C.A.[1] The remedy provided for by 28 U.S.C.A. § 2255, a civil remedy,[2] is not applicable in the present case because petitioner is not in custody, having already served the full term of his sentence. Thus, coram nobis is available to petitioner as a result of the All Writs Section, 28 U.S.C.A. § 1651(a), which authorizes issuance of writs of coram nobis with respect to criminal judgments[3].

■■■ The present petition for a writ in the nature of coram nobis docketed in the original criminal proceeding in this matter in which petitioner was convicted and sentenced, is a step in a criminal proceeding. Since Rule 60(b) of the Federal Rules of Civil Procedure expressly abolishes writs of coram nobis in civil proceedings, discovery thereunder is not authorized here.

■■■ In his petition petitioner has alleged that he appeared in open court on the day of his conviction without an attorney and changed his plea from "not guilty" to "guilty" and did not waive such right, thereby being deprived of his constitutional rights under the Sixth Amendment. Before proceeding further petitioner will be required to amend his

1. "Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

2. United States v. Williamson, 5 Cir., 1958, 255 F.2d 512, 515; certiorari denied 358 U.S. 941, 79 S.Ct. 348, 3 L.Ed.2d 349. See also Hamley, The Impact of Griffin v. Illinois on State Court-Federal Court Relationships, 24 F.R.D. 75, 80. "Section 2255 proceedings and habeas corpus proceedings are civil in nature."

3. See United States v. Morgan, 346 U.S. 502, 504, 505, 74 S.Ct. 247, 249, 98 L.Ed. 248 (1953), in which the U. S. Supreme Court said in its majority opinion: "Such a motion is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding * * *. As it is such a step, we do not think that Rule 60(b), Fed.Rules Civ.Proc., 28 U.S.C.A., expressly abolishing the writ of error coram nobis in civil cases, applies."

petition and to set forth a full disclosure of the specific facts relied on for his petition for writ of coram nobis; otherwise, the petition will be denied. Hysler v. State of Florida, 315 U.S. 411, 316 U.S. 642, 62 S.Ct. 688, 86 L.Ed. 932 (1942); Stephens v. United States, 10 Cir., 1957, 246 F.2d 607; United States v. Tribote, 2 Cir., 1961, 297 F.2d 598, 601.[4]

Upon compliance with the court's order and the amending of his petition to show the specific allegations of fact and to give it full disclosure in his amended petition, it will be the court's duty to hold a hearing on the petition, as due process of law requires[5].

The court will reserve judgment for future determination on the Government's motion to dismiss petitioner's petition for writ of coram nobis[6].

IT IS ORDERED that petitioner amend his petition for writ of coram nobis and make a full disclosure of the specific facts relied on in support thereof within ten days from receipt of the order herein; the Government to answer within ten days of receipt of the amended petition. Upon satisfactory compliance by petitioner with this order a hearing will be held on the issue of whether or not petitioner was represented by counsel or waived counsel on October 29, 1938, the date of the entry of his plea of "guilty" and conviction and sentence.

4. The Government states in its brief that it would be unfair to require it to proceed to a hearing without further particulars to petitioner's charge; that petitioner has waited twenty-three years after his conviction before attacking it, and many of the persons having first-hand knowledge of the facts have died. The Government contends that several questions present themselves about which petitioner's petition for writ herein is deficient and satisfactory allegation should be made. It is said that since petitioner concedes he was represented by counsel in the early stages of his case, how does he account for his appearing without his counsel at the time in question; what were the circumstances which led to his change of plea; did he appear in court on the day of his plea in pursuance of an arrangement with counsel; if counsel was not then present, as alleged, why wasn't he; did petitioner protest at taking action without the presence of his attorney, and if so, what was said; if, as alleged, he was not permitted to make any explanation to the court as to why his plea was being changed, from whom did he seek such permission and who denied it to him; when did he first learn that his alleged lack of counsel could affect the validity of his conviction; and why did he wait until now to attack the conviction? This is not the usual case. Therefore, we hold that these are legitimate subjects of inquiry by the Government for which addi-

tional factual allegations will be necessary and that the Government is entitled to know the particulars of petitioner's case before being required to plead or prepare for a hearing.

5. Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830 (1941); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1953); Smith v. United States, 9 Cir., 1958, 259 F.2d 125, 127; Snell v. United States, 10 Cir., 1949, 174 F.2d 580; Porter v. United States, 5 Cir., 298 F.2d 461.

6. Under United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1953), if we hold that petitioner was not represented by counsel or did not waive counsel, the conviction and sentence must be set aside. It is not clear whether, under such circumstances, a new trial would be required in view of the fact that petitioner has fully served his sentence. If the court should find from the evidence that petitioner was in fact represented by counsel at the time of his conviction and sentence, petitioner would be precluded from attacking his conviction on the allegation of entrapment. Entrapment would not be meritorious in view of his plea of guilty. Ellison v. United States, 10 Cir., 1960, 283 F.2d 489; Kaye v. United States, 6 Cir., 1956, 235 F.2d 187.