175 So.2d 774

Marvin D. KEETON

v.

STATE of Alabama.

8 Div. 198.

Supreme Court of Alabama.

May 27, 1965.

82

---

Marvin D. Keeton, pro se.

Richmond M. Flowers, Atty. Gen., for the State.

MERRILL, Justice.

Appellant is in the State Penitentiary under a sentence of 25 years for robbery which was imposed by the Circuit Court of Colbert County on November 5, 1963. No notice of appeal was given at that time, but appellant did, on January 14, 1964 and on March 12, 1964, file a petition in writing with the Circuit Court of Colbert County giving notice of appeal, moving for appointment of counsel on appeal, and applying for a transcript of the evidence, under Act No. 525, Acts of Alabama 1963, (see Tit. 15, § 380(14)– 380(25), Recompiled Code of 1958); and seeking to file his appeal as a pauper.

We have verified the fact that the trial court denied all the requests on May 28, 1964, holding that "the defendant has not availed himself of the remedy within the time allowed by law." It is from this ruling that this appeal has been taken.

The trial court was correct in holding that the requests for transcript and counsel were not within the time prescribed by Act 525.

But any person convicted of a criminal offense may appeal, Tit. 15, § 367, Code 1940, and the appeal must be taken within six months, Tit. 15, § 368. An appeal is taken within the meaning of the statute when the record shows the defendant has expressed a desire to appeal. Relf v. State, 267 Ala. 3, 99 So.2d 216. Appellant expressed his desire to appeal in writing within six months after sentence and thereby perfected his appeal. The trial court erred in holding that the appeal was not taken within the time allowed by law.

That brings us to the question of the availability of counsel, and the providing of a transcript as provided for in Act 525.

We think the Act was written and passed with the understanding that even though the statute, Tit. 15, § 368, gives six months in which to appeal, that notice of appeal in most criminal cases is given and entered when sentence is passed. We think the time limitation for the petitioning for a transcript of the evidence only begins to run *after* the appeal is taken, provided it was taken within six months. This is borne out in the statement in Section 1 of the Act (Tit. 15, § 380(14)) that: "It is the purpose of Sections 380(14)–380(25) of this title to provide such defendants or petitioners with a transcript of the evidence or a part thereof and a record for a proper and equal review in certain criminal cases and such other cases wherein it is made to appear that a convicted defendant is indigent and desires to take an appeal and obtain a judicial review of matters that occurred at his trial, or hearing."

There would be no field of operation for Act 525 until an appeal is taken either to this court or to the Court of Appeals.

We hold that the appeal was taken within the time allowed by statute and the trial court is directed to ascertain if the defendant is indigent as he claims, and if so, to appoint counsel and order the furnish-

ing of a free transcript as provided by the appropriate statutes in order that his appeal from the original conviction may be considered in this court.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.