Timothy BURNS, Appellant,

v.

STATE OF ALABAMA, Appellee.

No. 22754.

United States Court of Appeals Fifth Circuit.

May 19, 1967.

---

Timothy Burns, pro se.

Mac Donald Gallion, Atty. Gen., John C. Tyson, III, Asst. Atty. Gen., Montgomery, Ala., for appellee.

Before TUTTLE, Chief Judge, THORNBERRY, Circuit Judge, and LYNNE, District Judge.

## ON PETITION FOR REHEARING

LYNNE, District Judge:

In its petition for rehearing, the State of Alabama contends that this Court erred in determining that, under Title 15, Sections 380(14)–380(25), Recompiled Code of Alabama 1958 (Supp.1965), the appellant had only ten days after the entry of the order denying him *coram nobis* relief in which to apply for a free transcript for appeal and thus that he had, in effect, no available state remedies at the time he filed his petition for writ of *habeas corpus*. The basis of petitioner's argument is that the Supreme Court of Alabama, in the case of Keeton v. State, 278 Ala. 81, 175 So.2d 774 (1965), has determined that an indigent party has six months under the foregoing sections to request a free transcript for appeal.

The fallacy inherent in petitioner's contention is that the *Keeton* decision was not rendered until May 27, 1965. At the time the appellant filed his *habeas corpus* petition, which was February 17, 1965, the time limitation for requesting a free transcript for appeal, as set forth in Sections 380(14)–380(25), was ten

days after the denial of the *coram nobis* petition. The appellant's *coram nobis* petition was denied on January 15, 1965. It would be grossly unrealistic to assume that appellant should have anticipated this judicial gloss upon the statute and to conclude that he deliberately bypassed the orderly procedure of the state courts within the teaching of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Therefore, we adhere to our original opinion.

In addition to the foregoing, we think it should be noted that for aught appearing, appellant may have exhausted all the available state remedies even if he had had the *Keeton* decision before him when he filed his petition for *habeas corpus*.

Section 380(16) of Title 15 of the Recompiled Code of Alabama 1958 (Supp. 1965), which sets forth the method of appeal under circumstances where a free transcript is requested, provides that an application for a free transcript must be filed, if a motion for a new trial is not filed, within ten days after the last day on which a motion for a new trial could have been filed, or if a motion for a new trial is properly filed, within ten days after an adverse ruling of the trial court on the motion. The time limit for filing a motion for a new trial in a criminal proceeding is thirty days after the date of conviction. Tit. 13, § 119, Recomp. Code of Alabama 1958.

In Keeton v. State, supra, the appellant was sentenced to serve twenty-five years for robbery on November 5, 1963. On January 14, 1964 and again on March 12, 1964, the appellant filed a petition in writing giving a notice of appeal, moving for appointment of counsel on appeal, and requesting a free transcript of the evidence under Sections 380(14)–380 (25). The trial court held, *inter alia*, that the appellant had not requested the transcript within the time prescribed.

On appeal, the Supreme Court of Alabama acknowledged that the request for the transcript was not filed within the time prescribed by Sections 380(14)–380 (25). However, the Court went on to point out that any person convicted of a criminal offense has six months to appeal the conviction under Title 15, Section 368, Recompiled Code of Alabama 1958. Thus, to resolve the apparent incompatibility of these statutes, the Court construed Section 380(16) broadly and held that the time limitation set by this provision for the petitioning for a transcript of the evidence begins to run only after an appeal is taken, provided the appeal is taken within the six months allowed by Section 368.

Now, in considering whether the *Keeton* decision is applicable to the facts of this case, it should first be realized that *Keeton* is concerned with the operation of Sections 380(14)–380(25) with respect to the appeal of a conviction of a criminal offense; whereas, in this case, we are concerned with the operation of Sections 380(14)–380(25) with respect to the appeal of an order denying *coram nobis* relief, which is civil in nature. See Ex parte Allison, 42 Ala.App. 507, 169 So.2d 436 (1964). However, the same incompatibility is present in this case, because Section 380(16) gives an indigent ten days after the denial of a writ of error *coram nobis* to request a free transcript while the time limit for perfecting an appeal from such a denial is six months. Hence, it is our opinion that the construction placed on Sections 380 (14)–380(25) by the Supreme Court of Alabama with respect to an appeal from a criminal conviction should be applicable to an appeal from a denial of a petition for writ of error *coram nobis*. Accordingly, we conclude that the ten-day time limitation for petitioning for a transcript for the appeal of a denial of a writ of error *coram nobis* begins to run only after the appeal is taken, provided such an appeal is taken within six months.

The petitioner, in applying the *Keeton* decision to the facts of this case, contends that the appellant had six months in which to request a free transcript for the appeal from the denial of the *coram nobis* petition and thus that the appellant had not exhausted his

state remedies when he filed the petition for *habeas corpus* relief. The petitioner, however, is correct in its contention only if the appellant actually waited six months before appealing the denial. For the court's language in *Keeton* is quite clear to the effect that the time limitation for requesting a free transcript begins to run as soon as the indigent party perfects an appeal. Thus, if the appellant gave notice of appeal of the denial of his petition for *coram nobis* relief more than ten days before filing his *habeas corpus* petition, he could not have effectively demanded a free transcript on the day he filed his *habeas corpus* petition and thus would not have had an available state remedy.

The record before us is silent as to whether appellant appealed his case ten days before filing the petition for *habeas corpus* relief. Hence, we cannot say as a matter of law that the appellant did not exhaust his state remedies.

The petition for rehearing is denied.