214 So.2d 318

**Bobby Sherman SEGERS, Jr.**

v.

**STATE of Alabama.**

**6 Div. 563.**

Supreme Court of Alabama.

Aug. 22, 1968.

Rehearing Denied Oct. 3, 1968.

No attorney appearing for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

KOHN, Justice.

One, Bobby Sherman Segers, Jr., alias, Sherman Bobby Segers, Jr., was indicted in the circuit court of Jefferson County, Alabama, on the 2nd day of September, 1966, for feloniously taking $200 from the person of one A. J. Tortorici. On the 30th day of November, 1966, it appeared to the court that defendant was without counsel and unable to employ counsel. The court thereupon appointed counsel to represent the defendant.

Defendant was arraigned on February 3, 1967, and pleaded "not guilty," with leave to interpose any special pleas. On April 12, 1967, before a jury, with court-appointed counsel representing defendant, the trial was commenced. On April 13, 1967, the jury found the defendant guilty of robbery as charged in the indictment, and fixed his punishment at thirty years imprisonment in the penitentiary. Throughout this trial the defendant was represented by court-appointed counsel.

From the limited record before us, a minute entry shows that on the 20th day of April, 1967, the defendant filed notice of appeal, in writing, and in his statement declared that he was indigent and without funds to defray costs of appeal. He requested the clerk to prepare a transcript of the record. The next paragraph of the minute entry recited the following:

"This the *26th day of January, 1968,* the said defendant being in open Court states that he has arranged to be represented by counsel on appeal and that he is financially able to employ his own counsel and to pay for transcript of testimony. The defendant further states to the Court that he does not want the Court to appoint counsel to represent him on the appeal and that he does not want the Court to order a transcript of the testimony without costs to him." [Emphasis supplied.]

The minute entry of April 9, 1968, shows the following:

"This the 9th day of April, 1968, it appearing to the Court that sixty days from the last order of this Court have elapsed without the defendant having ordered transcript of testimony, thus making it impossible for the Court Reporter to file transcript of testimony in the time and manner provided by Law; it is therefore ordered by the Court that the Clerk of this Court forward to the Clerk of the Supreme Court the complete record without the transcript of the evidence in this case."

It is important to emphasize that the minute entry discloses that on April 20,

1967, the defendant had expressed his declaration, in writing, that he was indigent and wanted what we shall term a "free transcript" of the record. Here is where, in our opinion, error crept into the proceedings, surely inadvertently, but error nonetheless.

Sections 380(14)–380(25), Title 15, Recompiled Code of Alabama 1958, as amended, provide for application and for granting to certain convicted defendants the right to a free transcript of the record; certain averments that must be in the petition; a hearing on the petition and investigation of plaintiff's finances and the findings by the trial judge relative thereto. We think it is necessary to emphasize the pertinency of §§ 380(14)–380(25), supra.

From the minute entry referred to, we have no way of knowing whether the notice of appeal, and statement declaring the defendant to be indigent and without funds to defray costs of the appeal, together with a request to the clerk to prepare a transcript of the record, were in correct form and met all the requirements of the statutes, but such is not important under the particular circumstances as disclosed by the limited record before us.

Notice of appeal was duly served on the Attorney General of the State of Alabama on February 2, 1968, by the Clerk of the Circuit Court of the Tenth Judicial Circuit of Alabama.

We hold that on April 20, 1967, or within the specified time, it was the duty of the court to carry out the provisions provided for by the above-referred to sections of Title 15, supra. There is nothing in the record before us that shows any activity on the part of the court pursuant to the defendant's request for a free transcript. The next proceedings, referred to in the minute entry, supra, was the statement that on *January 26, 1968*, defendant was in open court stating that he had arranged to be represented by counsel on appeal, and that he was financially able to employ counsel and pay for a transcript of the evidence.

He further stated that he did not want a court-appointed counsel to represent him on the appeal, nor did he wish a transcript to be furnished to him.

There is nothing in the record before us, as to why the court did not provide defendant with a "free transcript" of the record after the request of April 20, 1967, and within the time allowed by law. On January 26, 1968, when the minute entry recites that defendant was in open court, it appears that he was in open court without a lawyer, as far as the record discloses.

Section 318(4) of Title 15, Recompiled Code of 1958, as amended, provides for the appointment of counsel for an appeal in all criminal cases wherein defendant has been convicted of a serious offense in which an appeal lies directly to the Supreme Court or the Court of Appeals. And, further provides that if the defendant expresses a desire to appeal, the court shall cause to appear on its minutes a recital of notice of appeal. The court shall then ascertain and make findings in reference to the appeal concerning those items listed as 1, 2, and 3 in § 318(1) of Title 15, supra. Section 318(4) further provides, as follows:

"If it appears that defendant desires to appeal and is unable financially or otherwise to obtain the assistance of counsel on appeal and defendant expresses the desire for assistance of counsel the trial court shall appoint counsel to represent and assist defendant on appeal. The presiding judge of the court to which the appeal is taken shall have authority to appoint counsel in the event the trial court fails to appoint, and in the event it becomes necessary to further provide for counsel. It shall be the duty of such counsel as an officer of the court and as a member of the bar to represent and assist said defendant in the appeal."

█ We hold that on April 20, 1967, or within the time provided by law, it then became the duty of the trial court to carry

out the provisions provided for by the above referred to sections of Title 15, Recompiled Code of 1958, supra. The presiding judge of this appellate court does not find it necessary to appoint counsel, as provided by § 318(4), supra.

This court is of the opinion that this cause should be remanded to the trial court for a corrected record, containing a transcript of the evidence, to be returned to this court. Further that, under the circumstances, the trial court should appoint counsel to represent defendant on this appeal.

It is our view that § 318(4) of Title 15, supra, should be construed in the light of the obvious legislative intent, and that the defendant should not be penalized relative to the running of the *sixty-day period* from the last order of the court, as recited in the minute entry on the 9th day of April, 1968. As disclosed by the record, within the time provided by law, that is, on *April 20, 1967*, defendant did request the clerk to prepare a transcript of the record and, from all that is disclosed by the record, it is apparent that no record was prepared during the period of April 20, 1967 to April 9, 1968, when the court, in its minute entry, referred to the lapsing of the *sixty-day period*.

Not having the transcript before us, but only the record of the organization of the court, the indictment, certain minute entries, judgment entry, given charges, refused charges, citation of appeal to the Court of Appeals, notice to the Clerk of the *Supreme Court of Alabama*, and the clerk's certificate, we do not think the judgment should be reversed, or affirmed, but that it should be remanded. Martin v. State, 277 Ala. 153, 167 So.2d 912; Long v. District Court of Iowa, 385 U.S. 192, 87 S.Ct. 362, 17 L.Ed.2d 290.

In view of what was said by this court in Martin v. State, supra, and the principle enumerated in the case of Long v. District Court of Iowa, supra, it is clear that the defendant should not be penalized and denied the right of appeal with a complete record and counsel. This court, due to the inadequacy of the record before us, is not in a position to affirm or reverse this cause. The motion of the appellee, State of Alabama, to strike the record and dismiss the appeal is denied.

Remanded with directions.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.