216 So.2d 189

James MILLER

v.

STATE.

8 Div. 125.

Court of Appeals of Alabama.

Nov. 26, 1968.

reason of insanity. Verdict: guilty of assault with intent to murder. Sentence: four years in the penitentiary.

## I.

Michael Sparks, the victim of the charged assault, operated Mike's Drive In in Red Bay. November 26, 1966, Miller, his brother, Anderson Miller, and Billy Lofton, after one of them had been ordered out for cursing, fought with Sparks in the parking lot. Lofton stabbed Sparks while the Millers were edging in on him with hunting knives.

Spark's lower right lung collapsed. Consequently, he was in the hospital five days.

## II.

Miller brought in no proof to meet the statutory burden cast on him by his pleading insanity.

## III.

The only irregularity on the face of the record is in the final certificate of the clerk. This authentication reads:

H. Neil Taylor, Russellville, for appellant. MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

CATES, Judge.

Indictment: assault with intent to murder. Plea: not guilty and not guilty by

## "CERTIFICATE TO TRANSCRIPT

"STATE OF ALABAMA
FRANKLIN COUNTY

"I, E. Boyce Scruggs, Clerk of the Circuit Court of Franklin County, do hereby certify that the foregoing pages from 1–A to 7–A both inclusive and from pages 111 to 114 both inclusive contain a full and complete transcript of the record and proceedings of the Circuit Court in a case therein pending, where the State of Alabama is plaintiff and James Miller is defendant. The said James Miller did on the 14th day of April, 1967 obtain an appeal to the next term of the Court of Appeals of Alabama, all of which I hereby certify to the Court of Appeals.

"This 1 day of December, 1967.

"   /s/ E. Boyce Scruggs
        Clerk of the Circuit Court
        of Franklin County, Alabama"

SEAL—"Circuit Court Franklin
            Co. Ala."

The seeming hiatus between page 7–A and page 111 of the Record is filled in by the court reporter's transcription of her shorthand notes of the testimony at Miller's trial. This "transcript of the evidence" bears the legend "Filed: October 12, 1967. E. Boyce Scruggs Clerk." It is typed (as is the rest of the record) on transcript paper with three holes punched through the left margin.

A single red ribbon runs through each of the upper and lower holes—and through those of the record proper (or common law record), i. e., pages 1–A—7–A and 111–114, also the index and certificate, page 115, as well as the captioned cover. The two ends of this ribbon loop back to the center holes. Both ends then join across the bottom of the certifying page (No. 115). There the two ends have been placed beneath a gilded paper serrated edged circular wafer with an adhesive substance on its reverse. Upon this wafer the seal of the Circuit Court of Franklin County has been impressed.

All of this red tape and ensealing with adhesive and pressing imports that the transcript of the evidence was bound with the rest of the record—by whatever name called—when the circuit clerk affixed his signature to the certificate. He is the custodian of the seal and by law it was presumptively affixed by him or at his direction.

Furthermore, we note that this transcript came up under Act No. 525, September 16, 1963, after Miller was found to be indigent. Thus, if we were to ignore the testimony because of a literal and narrow reading of the certificate, we should then be confronted with a denial of due process as decided in Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055.

This court has consistently recognized Keeton v. State, 278 Ala. 81, 175 So.2d 774, as making a viable exception to the rule of Relf v. State, 267 Ala. 3, 99 So.2d 216, where, under Supreme Court Rule 37, an indigent's transcript has come up late from the trial · court. This principle governs here. Hence, this appeal will be considered on the merits of the entire record in the trial court, including the testimony.

IV.

We have considered the entire record under Code 1940, T. 15, § 389, including the following:

a) The clerk's certificate;

b) The court reporter's certificate;

c) The statement of the organization of the court;

d) The indictment (caption, charge, conclusions, and required endorsements);

e) Judgment entry (arraignment, presence of counsel, empanelling of jury, verdict, adjudication of guilt, allocutus, sentence, statutory term of punishment, and notice of appeal); and

f) Each ruling of the trial judge adverse to the appellant, including the written charges refused appellant.

From this examination we consider that each point is either without error or is covered by Supreme Court Rule 45. Moreover, no novel point of law appears to have been reserved for our decision in the course of the trial. Code 1940, T. 13, § 66.

The judgment below is due to be and hereby is

Affirmed.