218 So.2d 271

**Billy Wayne BROOKS**

v.

**STATE of Alabama.**

**7 Div. 822.**

Supreme Court of Alabama.

Dec. 12, 1968.

Rehearing Denied Feb. 6, 1969.

**460**

Wm. P. Powers, III, Talladega, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

BLOODWORTH, Justice.

On August 17, 1967, the grand jury of Talladega County returned an indictment against the appellant (defendant below), Billy Wayne Brooks, charging him with murder in the first degree.

Defendant was arraigned on January 22, 1968, with his employed counsel present, and pled "not guilty" and "not guilty by reason of insanity." Trial was set for February 12, 1968, and on the same day defendant withdrew his pleas of "not guilty" and "not guilty by reason of insanity," and entered a plea of "guilty" to the indictment. Trial of the case was set for hearing immediately.

The jury found defendant guilty of murder in the first degree and fixed his punishment at imprisonment for life. It was the judgment of the court that defendant was guilty of the offense charged in the indictment, and in accordance with the verdict he was sentenced to imprisonment in the penitentiary for life. Immediately after sentencing, the court (in the presence of defendant and his counsel) fully explained to defendant his right to appeal the verdict and sentence, to have counsel appointed to represent him on the appeal, even if indigent, and his right to have a full and complete transcript of the proceedings; a commendable explanation which might be emulated by the trial bench.

On May 29, 1968, defendant filed his written notice of appeal, and moved the court to appeal under the provisions of Title 15, §§ 368, 369, Code of Alabama 1940, Recompiled 1958. On the same day the defendant was brought before the trial court in order that a determination might be made relative to his representation by counsel on appeal "and other related matters." Following the hearing, the court below found defendant to be "indigent within the meaning of the law and is entitled to be represented on appeal by counsel appointed by the court, the defendant having made known to the court that he desired counsel on appeal." Both of defendant's retained counsel advised they were not employed to represent defendant and requested that they not be appointed. Counsel was appointed and is representing defendant.

The court below further found that defendant was not entitled to a transcript of the testimony "having failed to comply with Title 15, Section 380(14) et seq of the Code of Alabama * * *." Therefore,

the transcript of the record does not contain a transcript of the evidence.

Two questions are presented to this court in brief submitted by defendant: (1) Whether a conviction of a crime with no evidence to support it is a denial of due process; (2) Whether defendant is entitled to a free transcript of the evidence as provided for in Title 15, §§ 380(14)–(25), Code of Alabama, 1940, Recompiled 1958, Pocket Part. These sections provide for application and for granting to certain convicted defendants the right to a free transcript of the record; certain averments that the petition must contain; a hearing on the petition; an investigation of petitioner's finances, and the findings of the trial judge relative thereto. Segers v. State, 283 Ala. 42, 214 So.2d 318.

From the state of the record, we can only surmise as to the trial court's reasons for finding that defendant was not entitled to a free transcript. If defendant is indigent for purposes of appointment of counsel, would it not be axiomatic he would be equally indigent for purposes of securing a transcript of the evidence? Otherwise, there would be presented a completely incongruous situation with defendant being indigent for one purpose, and not for the other.

If the trial court meant to give as its reason for denial of a free transcript, the failure of petitioner to aver in his petition the necessary allegations set out in Title 15, § 380(16), i.e., style of case, offense for which convicted, plea, date of adjudication, that defendant is without sufficient funds, etc., we would agree the petition is defective in these respects. However, no question was raised at the hearing as to its sufficiency, nor was it considered insufficient for the purpose of appointment of counsel on appeal.

On the other hand, if the trial court's reason for denying the free transcript was its assumption from a reading of Title 15, § 380(16), supra, that the petition was not timely filed, it would appear that the court

below did not consider the effect of the recent decision in Keeton v. State, 278 Ala. 81, 175 So.2d 774, where it was held the time limitation for filing for a free transcript only begins to run after the appeal is taken. Here, defendant took his appeal on May 29, 1968, and made at the same time his request for a free transcript, clearly a timely request.

The mandate of Title 15, § 380(14), supra, seems clear, viz:

"The legislature is aware that it has become settled law that a state may or may not authorize appeals from judgments of convictions in criminal cases, and certain other related proceedings involving the life, liberty or property of a person convicted of a criminal offense. Further, that if a state does provide for appeals in criminal cases and such other cases, defendants or petitioners adjudged guilty of crimes and who are without funds and unable to pay the fees of the court reporter for transcribing the evidence, or the fees of the clerk for preparing the record, for review on appeal may be denied equal protection of the law or due process of law. *It is the purpose of sections 380(14)–380(25) of this title to provide such defendants or petitioners with a transcript of the evidence or a part thereof and a record for a proper and equal review in certain criminal cases and such other cases wherein it is made to appear that a convicted defendant is indigent and desires to take an appeal and obtain a judicial review of matters that occurred at his trial, or hearing.*" [Emphasis supplied.]

Therefore, it is our view that this cause should be remanded with directions to the trial court to correct the record so as to include a transcript of the evidence. This transcript of the evidence should be filed with the Clerk below within sixty days from this date, unless this period be extended by the trial court for cause. The transcript shall be filed by the Clerk below in this court in accord with Supreme Court

**462**

Rule 37, Revised Rules of the Supreme Court, 279 Ala. XXI, XXXVIII, so that this court may further consider the question raised by appellant whether the evidence is sufficient to support the conviction.

Remanded with directions.

LAWSON, SIMPSON and COLEMAN, JJ., concur.