222 So.2d 346

**Billy Wayne BROOKS**

v.

**STATE of Alabama.**

**7 Div. 822.**

Supreme Court of Alabama.

May 1, 1969.

Wm. Powers, III, Talladega, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

BLOODWORTH, Justice.

· Appellant Billy Wayne Brooks appeals from a conviction for murder in the first degree and a sentence to life imprisonment.

On December 12, 1968 we rendered a decision in this cause, Brooks v. State, 283 Ala. 459, 218 So.2d 271, remanding it with directions to correct the record so as to include a transcript of the evidence.

The transcript having been filed, we proceed to consider that which defendant insists is error, namely, the evidence is insufficient to support the conviction. After carefully reading the record, we are of the opinion that the evidence is clearly sufficient to support the conviction.

· August 17, 1967 defendant was indicted by the grand jury of Talladega County and charged with murder in the first degree. He was arraigned January 22, 1968, pleading "not guilty" and "not guilty by reason of insanity," with employed counsel present. At his trial February 12, 1968, with his employed counsel present, he withdrew his pleas and entered a plea of "guilty" to

the indictment. Before accepting his plea, the court below determined that it was not improvidently entered. Thereupon, after having heard the evidence, the jury returned a verdict finding him guilty of murder in the first degree and fixing his punishment at imprisonment in the penitentiary for life. In accordance with the verdict the court adjudged the defendant guilty and sentenced him to imprisonment in the penitentiary for life.

At the trial the mother of the deceased testified that her daughter and the defendant (the daughter's husband) had separated, that on the night of the murder her daughter went over to the house of a friend to leave some high school biology drawings, that defendant called three times to see if the daughter had returned. Thereafter, the mother went to the front porch when her daughter returned, and as the daughter was coming to the house she saw the defendant shoot her twice with a gun, that she (witness) then returned to the house, procured a .410 shotgun, went back to her porch and fired at the defendant, that she ran out to her daughter and was also shot as she attempted to see if she could pick up her daughter as she lay there. The daughter died a short time later at the hospital.

The State toxicologist testified he examined the deceased and found No. 6 and No. 4 pellets in her body, and that she died as a result of shock and hemorrhage from the gunshot blast to the right side of her body. A picture was introduced in evidence by the State which clearly shows multiple and extensive wounds to the right side of the deceased's body, obviously the result of a blast from a shotgun.

We find that the defendant pled guilty only after the court first determined that his plea was voluntarily and freely made, that he understood the effect of his plea and the recommendation of a life sentence made by the district attorney and his employed attorneys.

We have said that a plea of guilty is a judicial confession. It is clear in this case that the plea of guilty, together with the evidence presented, was amply sufficient to support the verdict, judgment of conviction, and sentence to life imprisonment. Therefore, let this cause stand affirmed.

Affirmed.

LIVINGSTON, C. J., and COLEMAN and HARWOOD, JJ., concur.