HARRIS, Judge.
Appellant was convicted of robbery and sentenced to ten years imprisonment in the penitentiary.
He was found to be indigent and petitioned the Court for a full transcript so that he could appeal his conviction. The trial court granted the appellant an abridged transcript designating certain testimony to be incorporated in the record.
The United States Supreme Court, the Alabama Supreme Court, and this Court have held that an indigent’s right to appeal cannot be thwarted by inaction on the part of the court reporter. Brooks v. State, 283 Ala. 459, 218 So.2d 271 (1968); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963).
In Draper, supra, the United States Supreme Court stated, in part:
“ . . .In all cases the duty of the State is to provide the indigent as adequate and effective an appellate review as that given appellants with funds—the State must provide the indigent defendant with means of presenting his contentions to the appellate court which are as good as those available to a nonindigent defendant with similar contentions.”
It is the opinion of the Court that on the record before us appellant has not been afforded an adequate record for appellate review. This cause is remanded with directions to the trial court to correct the record so as to provide this Court with a full and complete transcript of the evidence together with the exhibits introduced by the State as well as the oral charge of the Court. A full and complete transcript of the evidence and all the proceedings had in the case should be filed with the Clerk of the Circuit Court from Madison County within 60 days of this date, unless that period be extended by the trial court for cause pursuant to the statute. The complete record shall be filed with this Court by the Circuit Clerk, upon receipt of the court reporter’s transcript as provided by law.
Remanded with directions.
All the Judges concur.