BOOKOUT, Judge.
Assault with intent to rob; sentence: five years imprisonment.
This case is submitted upon the Attorney General’s brief and his' motion to dismiss the appeal and upon what purports to be the record proper. Counsel for the appellant has failed to file a brief. The Attorney General assigns the following grounds for dismissal:
“(a) The record contains only the ‘Order’s of the Court’ (sic), i. e. benchnotes.
“(b) The record does not contain a formal minute entry or judgment entry.
“(c) The record does not contain a formal entry of adjudication entry.”
The record shows that upon conviction and sentencing, the appellant requested probation and filed notice of appeal, and the appeal bond was set at $5,000.00. The record also shows upon application by the appellant, the trial court determined her to be indigent, and on April 15, 1975, ordered the court reporter to prepare a transcript.
The Attorney General’s motion would be well taken except for the fact that the appellant has been adjudged to be an indigent. The United States Supreme Court, the Alabama Supreme Court, and this Court have held that an indigent’s right to appeal cannot be thwarted by inaction on the part of the court reporter. Brooks v. State, 283 Ala. 459, 218 So.2d 271 (1968); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963).
In Draper, supra, the United States Supreme Court stated, in part:
“. . . In all cases the duty of the State is to provide the indigent as adequate and effective an appellate review as that given appellants with funds — the State must provide the indigent defendant with means of presenting his contentions to the appellate court which are as good as those available to a nonindigent defendant with similar contentions.”
It is the opinion of the Court that the appellant here has not been afforded adequate and effective appellate review. This cause is remanded with directions to the trial court to correct the record so as to provide this Court with a complete record proper and with a transcript of the evidence which shall be adequate for the appellant to present her contentions for review. The transcript of the evidence should be filed with the circuit clerk below within sixty days of this date, unless that period be extended by the trial court for cause pursuant to statute. A complete record shall be filed with this Court by the circuit clerk, upon receipt of the court reporter’s transcript, as provided by law.
MOTION DENIED. REMANDED WITH DIRECTIONS.
All the Judges concur.