Assault with intent to murder; sentence: twenty years imprisonment. *Page 139 
In the early morning hours of November 30, 1975, Gerald Alexander gained admission into the office of a Thoni Oil Station in Montgomery County. He brandished a pistol and ordered the two employees into a back room. While Alexander was taking the employees to the back room, James Poe and the appellant entered the station office.
Alexander stood guard over the employees while Poe and the appellant tried to open the service station safe. While attempting to open the safe, Poe and the appellant posed as employees and waited on service station customers. Approximately forty-five minutes after the robbery began, Alexander locked up the employees and joined Poe and the appellant in the office.
Having been alerted to a possible robbery, Officer T.J. McLain arrived on the scene. Poe and the appellant approached McLain and inquired as to his need for gasoline. McLain, with pistol drawn, ordered Poe and the appellant to put their hands on the service station wall. Instead of taking the most directroute to the station wall, the appellant and Poe turned and walked parallel to the front of the station with McLain walking behind them. Poe and the appellant walked by the front door to the service station. When McLain drew even with the service station door, he was shot in the stomach by Alexander who was squatting down in the doorway. The three robbers then fled.
It is undisputed that the appellant, Poe and Alexander entered into and carried out a conspiracy to rob the service station. The appellant is presently serving a life term for the robbery. It is also undisputed that the appellant did not shoot McLain, in fact, the appellant was unarmed. The only relevant dispute is found in the appellant's testimony that he fled the scene before Alexander shot McLain. The jury could have reasonably resolved such a dispute in favor of the State.
 I
The appellant contends that there is not sufficient evidence upon which to base a conviction under Title 14, § 14, Code of Alabama, Recompiled 1958. We do not agree.
When dealing with Title 14, § 14, supra, it must be borne in mind that each case must be based on its own factual milieu.Chatom v. State, 1 Div. 688 (Ms. August 31, 1976) Ala. App. There must have been sufficient evidence presented from which the jury could find beyond a reasonable doubt that the appellant aided and abetted Alexander in the shooting of McLain. Stokley v. State, 254 Ala. 534, 49 So.2d 284 (1950). The mere presence of the appellant at the scene, standing alone, would not be sufficient. Wilson v. State, 219 Ala. 364,122 So. 617 (1929).
However, in the present case, the evidence supports the reasonable inference that the appellant and Poe approached McLain for the purpose of luring him into a position where he could be shot from ambush. The fact that Poe and the appellant took McLain by an indirect route and that they were silent as to Alexander's whereabouts strongly supports such an inference. The jury could also infer that McLain had no reason to be on his guard for a third robber and that Poe and the appellant were aware of this fact.
Every person engaging in a joint enterprise is not automatically and equally guilty of a crime committed independently by another participant in the venture. A conspiracy necessary to fix guilt on all participants must be one in which all have a meeting of the minds (though only for an instant) to commit the crime charged. A different crime independently committed and not a foreseeable consequence of the conspiracy can hardly be charged to one who neither participated in its commission, nor aided therein, although all originally started out on some other illegal venture.
The Stokley case, supra, has been cited on many occasions in reference to a conspiracy. The holding in that case must be considered in light of the particular facts of the case. There, Stokley was one of a group of persons who entered onto the victim's property, armed with sticks, with the common *Page 140 
intent to beat the victim. While jointly administering the beating, one of the group applied too much force which resulted in the death of the victim. Stokley was held to be equally guilty although it was uncertain whether he had personally administered the fatal blow. Some of the sweeping statements of the court in that case, which were gratuitous dicta have been cited as authority in various other cases in a much broader scope than their actual application to the facts in Stokley.
Stokley takes its proposition of law from Morris v. State,146 Ala. 66, 41 So. 274 (1906), which in turn uses the statements originating in Tanner v. State, 92 Ala. 1, 9 So. 613
(1890). Chief Justice Stone, in Tanner, makes the often quoted statement that, "When two or more enter upon a common enterprise or adventure . . . and that enterprise contemplates the commission of a criminal offense, then each is a conspirator, and if the purpose is carried out, each is guilty . . . whether he did any overt act or not. . . ." (Emphasis supplied.)
Tanner further holds:
 ". . . And this criminal accountability extends not alone to the enterprise, adventure, or encounter in which the conspirators are engaged, but it takes in the proximate, natural, and logical consequences of such adventure. This because all men are presumed to intend the proximate, natural, and logical consequences of acts intentionally done; and one who is present, encouraging or ready to aid another in such conditions, must be presumed to be cognizant of that other's intention, to the extent above expressed. If such conspiracy, or community of purpose, embrace the contingency that a deadly encounter may ensue, with the common intention, express or implied, to encourage, aid, or assist, even to the taking of life, should the exigencies of the encounter lead up to that result; then, as a general rule, the act of one becomes the act of all, and the one who encourages, or stands ready to assist, is alike guilty with the one who perpetrates the violence. . . ."
But Tanner holds that such accountability does not extend to criminal acts not reasonably the proximate consequence of thepurpose of the conspiracy:
 ". . . The accomplice, as we have seen, is criminally responsible for acts which are the direct, proximate, natural result of the conspiracy formed. He is not responsible for any special act, not within the scope of the common purpose, but grows out of the individual malice of the perpetrator. — 1 Wharton Crim.Law, § 397."
In the instant case, the appellant and his companions were active participants in an armed robbery when the shooting occurred. Assault with intent to murder would be a foreseeable consequence of the joint enterprise in which they were engaged. The jury had no evidence before it that would tend to show the appellant had abandoned the conspiracy when the shooting occurred. There was sufficient evidence presented upon which the jury could reasonably base its finding that the appellant aided and abetted Alexander in the shooting of McLain.
It is not our function to satisfy ourselves that the appellant is guilty beyond a reasonable doubt. Our function, where sufficiency of the evidence is properly before us, is to examine the record and determine if the State presented sufficient evidence from which the jury might have found the appellant guilty beyond a reasonable doubt. Morton v. State
(1967) Ala.Cr.App., 338 So.2d 423.
 II
The appellant also contends that the trial court erred in refusing certain requested jury charges. The refused charges were affirmative in nature, substantially covered in the trial court's oral charge or not properly predicated on the evidence in this case. Williams v. State, 51 Ala. App. 694, 288 So.2d 753
(1974). No error was presented by the trial court's rulings on the requested charges.
AFFIRMED. *Page 141 
TYSON, J., concurs.
HARRIS and DeCARLO, JJ., concur in the result.
CATES, P.J., not sitting.