BOOKOUT, Judge.
Assault with intent to rob; sentence: five years imprisonment.
This is the latest in a. series of cases before this Court involving problems which certain indigent appellants have encountered in obtaining transcripts of evidence on appeal.
This case came to us originally on a record proper without a court reporter’s transcript, at which time 340 So.2d 1135 we *1138 remanded directing the transcript to be prepared as per statute. (Ms. January 20, 1976.) We then received a certificate from the circuit clerk stating, in effect, that the court reporter was in the state of Florida, could not be found, and no transcript could be filed. We reversed and remanded for a new trial. (Ms. May 4, 1976.)
The Attorney General filed an application for rehearing with supporting affidavit to the effect that the court reporter had been located in Florida and that arrangements had been made to furnish this Court with a transcript of the evidence. By per curiam order, we granted the application for rehearing and conditionally set aside the reversal pending receipt of a proper court reporter’s transcript of the evidence. (Ms. June 15, 1976.) 340 So.2d 1136. The transcript was properly filed within the time specified in our order and we now review the case on its merits.
In Pope v. State (Ms. July 16, 1976), the Alabama Supreme Court stated, in pertinent part:
“. . The Court of Criminal Appeals, on remand, can determine whether the failure to get a transcript timely filed was the fault of the defendant. If the defendant was not at fault, that court can, under its supervisory powers, compel the preparation of a correct transcript, or can allow the defendant time to prepare a succinct statement of the evidence in lieu of a transcript. See International Bro. of Teamsters, etc. v. Hatas, 287 Ala. 344, 252 So.2d 7 (1971).”
We find from the record that the failure to timely file the transcript of the evidence in this cause was not the fault of the appellant or counsel for appellant. Having received a transcript of the evidence, our pri- or opinion of May 4, 1976, reversing and remanding this cause is hereby withdrawn.
ON THE MERITS
Virgil Bonner testified that he was a customer in a St. Clair County drinking establishment around the latter part of June 1974 when he met the appellant. She asked him to dance and then asked him to go outside with her. He complied and went outside where he was set upon by appellant’s husband and one Steve Gravette. He said the two assailants were crouching behind a parked car; that they hit him twice with a baseball bat; and that one of them stabbed him in the stomach. He spent six weeks in the hospital due to that assault and was due to have another operation as a consequence.
Bonner said that as he was trying to flee the assailants, the appellant followed him, putting her hand in his pocket and attempted to take his wallet. The tavern operator came to Bonner’s rescue and held the appellant and the men at gun point until the police arrived.
Appellant testified that Bonner approached her in the tavern, and asked her to dance with him, which she did. She said she left the club around 11:30 P.M. because Bonner would not leave her alone. Appellant’s husband, her sister-in-law and Steve Gravette were at the lounge with her that night. When she went outside, she said Bonner followed her to her car, where her husband and companions were waiting for her. Both she and Bonner were “pretty loaded” and her husband was mad about Bonner dancing with her. Appellant said that upon reaching the car, her husband slapped Bonner a few times. As appellant was getting into the car, Steve Gravette suddenly appeared with a bat and hit Bonner. Appellant said she did not attempt to rob Bonner and that she and her companions had not planned to rob him. She did not know who stabbed him.
Edward Wilson, the tavern owner, testified that appellant and Bonner left the tavern together and that appellant’s husband and Gravette followed them out. He did not know who started the scuffle and did not hear any of the conversation between the parties. He only broke up the fight and held the parties for the police.
The facts were in dispute. The State made out a prima facie case which the appellant’s testimony attempts to rebut. The jury could have believed the appellant, *1139 however, it obviously chose to believe the State’s evidence that Bonner was lured outside by appellant where he was ambushed by her accomplices and that she attempted to take his wallet.
The weight and probative value of evidence is for the jury. Where there is legal evidence from which the jury can, by fair inference, find guilt, this Court has no right to disturb the verdict. Haggler v. State, 49 Ala.App. 259, 270 So.2d 690 (1972). Conflicting testimony is for the jury and a verdict rendered thereon, where a prima facie case appears, will not be disturbed on appeal. Pugh v. State, 51 Ala.App. 164, 283 So.2d 616 (1973).
AFFIRMED.
All the Judges concur.