**UNITED STATES of America, Plaintiff,**

v.

**Frank Peter BALISTRIERI, Defendant.**

**Crim. No. 6602.**

United States District Court,
S. D. Illinois, S. D.

Dec. 3, 1976.

William J. Mulligan, U. S. Atty., E. D. Wisconsin, Thomas E. Brown, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Morris A. Shenker, Cordell Siegel, St. Louis, Mo., James M. Shellow, Milwaukee, Wis., for defendant.

## ORDER

ACKERMAN, District Judge.

Defendant Balistrieri having been convicted of income tax evasion in 1967, and having fully served his sentence, now presents a motion in the nature of a writ of error coram nobis seeking to overturn the jury verdict and subsequent judgment of conviction entered by this Court. Pursuant to the motion, defendant seeks to discover from the Government certain information utilizing the Federal Rules of Civil Procedure. The devices employed by defendant include a request for admissions pursuant to F.R.Civ.P. 36, a request for production of documents under F.R.Civ.P. 34 and interrogatories pursuant to F.R.Civ.P. 33. The Government now moves to quash this discovery. The question presented then, is whether civil discovery devices mandated under the Federal Rules of Civil Procedure are available to a defendant when he presents a motion in the nature of a writ of error coram nobis.

Writs of error coram nobis were abolished by Federal Rule of Civil Procedure 60(b). But this provision has been held to abolish the writ in civil cases while the right to pursue such a remedy by motion in a criminal case has been held preserved under the All Writs Statute, 28 U.S.C. § 1651. *United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). Footnote 4 to the

*Morgan* case is relevant to our inquiry here and states that:

> Such a motion is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding. *Kurtz v. Moffitt,* 115 U.S. 487, 494, 6 S.Ct. 148, 149, 29 L.Ed. 458. While at common law the writ of error coram nobis was issued out of chancery like other writs, Stephens, *Principles of Pleading,* 3d Amer. ed., 142, the procedure by motion in the case is now the accepted American practice. *Pickett's Heirs v. Legerwood,* 7 Pet. 144, 147, 8 L.Ed. 638; *Wetmore v. Karrick,* 205 U.S. 141, 151, 27 S.Ct. 434, 436, 51 L.Ed. 745; *United States v. Mayer,* 235 U.S. 55, 67, 35 S.Ct. 16, 18, 59 L.Ed. 129. As it is such a step, we do not think that Rule 60(b), Fed.Rules Civ.Proc., 28 U.S.C.A., expressly abolishing the writ of error coram nobis in civil cases, applies. This motion is of the same general character as one under 28 U.S.C. § 2255, 28 U.S.C.A. § 2255. See Reviser's Note. Cf. *United States v. Kerschman,* 7 Cir., 201 F.2d 682, 684. And see contra to the above note, *People v. Kemnetz,* 296 Ill.App. 119, 15 N.E.2d 883.

The Government argues that since "such a motion is a step in the criminal case and not . . . the beginning of a separate civil proceeding . . ." the civil discovery rules are not available and thus defendant's discovery must be quashed. As direct authority the Government cites *United States v. Marcello,* 202 F.Supp. 694 (E.D. La.1962). In that case the Court held a motion in the nature of a writ of error coram nobis ". . . is a step in a criminal proceeding. Since Rule 60(b) of the Federal Rules of Civil Procedure expressly abolishes writs of coram nobis in civil proceedings, discovery thereunder is not authorized here." *United Staes v. Marcello,* 202 F.Supp. 694, 696 (E.D.La.1962). Other cases hold that a motion in the nature of a writ of error coram nobis to be "a step in the criminal case" but do not discuss the applicable rules of procedure. *Peterson v. State of Missouri,* 355 F.Supp. 1371 (W.D.Mo.

1973); *McDonald v. United States,* 356 F.2d 980 (10th Cir. 1966); *Abel v. Tinsley,* 338 F.2d 514 (10th Cir. 1964).

Defendant contends that although a motion in the nature of a writ of error coram nobis is "a step in the criminal case", it is a civil proceeding. As authority defendant also cites a portion of footnote 4 in the *Morgan* case, 346 U.S. 505, 74 S.Ct. 249 which says "that [t]his motion is of the same general character as one under 28 U.S.C. § 2255." Section 2255 is clearly not a step in a criminal prosecution. Rather, "[i]t is civil in nature and is governed by the rules and statutes applicable to civil actions." *Brown v. United States,* 480 F.2d 1036, 1039 (5th Cir. 1973). Thus defendant argues that footnote 4 could be read as implying that the motion is civil in nature and that the rules of civil procedure apply. Cases holding a motion in the nature of a writ of error coram nobis to be civil in nature include *Burns v. State of Alabama,* 377 F.2d 233 (5th Cir. 1967), and *Jones v. Squier,* 195 F.2d 179 (9th Cir. 1952).

Defendant also places great weight on *United States v. Keogh,* 391 F.2d 138 (2nd Cir. 1968). In that case, in order for the case to be properly before the Second Circuit Court of Appeals, Judge Friendly applied the 60 day time for appeal provision of Federal Rule of Civil Procedure 73(a) rather than the 10 day time limit of F.R.Cr.P. 37(a)(2). Although Judge Friendly rejected the interpretation the Government here seeks to put on footnote 4 of the *Morgan* decision he expressed no opinion on the general applicability of the Federal Rules of Civil Procedure to a motion in the nature of a writ of error coram nobis.

I believe the Government has the best of the argument. Only the *Marcello* case is directly on point and the result reached there is the proper one. A motion in the nature of a writ of error coram nobis is but a step in the criminal case. Subjecting the Government to costly and time consuming inquiries into matters long closed through the broad latitudes of civil discovery is not justified.

This case has been pending in one guise or another since the indictment in January of 1965, almost seventeen years. At some point the litigation must terminate. The common law writ of coram nobis sought to have a judgment revoked for errors of fact outside the record. Justice demands such a procedure. Justice does not demand however that civil discovery methods be employed to allow a defendant to fish for facts that may or may not exist and may or may not justify the motion in the first instance.

Government's motion to quash defendant's discovery is granted.