PER CURIAM.
The Supreme Court reversed our decision on the original appeal wherein we reversed the trial court for failure to exclude the results of an atomic absorption test for lack of a proper predicate. The Supreme Court, in a plurality opinion (with four justices dissenting) held that the trial court did not err in refusing to exclude the test results. Four justices based their opinion on the fact that Chatom’s attorney only objected to the accuracy of the test and not to the operator’s qualifications. Justice Beatty joined in the result with a special concurrence on the ground that the appellant’s motion to exclude was made after the witness had testified to the test results, and that an objection should have been made earlier. The Supreme Court did not pass upon the sufficiency of the evidence because this Court did not pass on that issue in our earlier opinion. On remandment it is necessary that we address ourselves to that question in light of the admissibility of the atomic absorption test results.
In our initial opinion, we pointed out several obvious weaknesses in the State’s evidence, for consideration of the prosecution and trial court in the event of a new trial. Without going again into detail, we simply call attention to our original opinion as to those points.
The State’s brief was based primarily on the theory that, “Appellant acted as co-conspirator during the commission of criminal acts and thus that the two parties would be equally guilty and responsible for the acts of the other.” The conspiracy, according to the State’s brief, was the firing upon the police car at the beginning of the episode, “during an attempt to escape from police authorities.” We take the word “escape” to mean “elude” since neither of the fleeing parties had been in legal custody prior to the chase.
The State’s theory on appeal was grounded upon Stokley v. State, 254 Ala. 534, 49 So.2d 284 (1950). Stokley is the landmark ease, cited in most conspiracy cases reaching this Court, although it is more often cited for its dictum than for its application to the peculiar facts of that case. See: Howell v. State, Ala.Cr.App., 339 So.2d 138 (1976). We cannot indulge in the convenience of citing “boiler plate” propositions of law without reviewing fact situations from which the proposition originally arose. *844 By simply citing Stokley the State ignored the question of whether the earlier “conspiracy” had been abandoned when the fleeing companions parted company in the swamp. The appellant’s testimony, that he was alone and fleeing through the swamp when he heard the fatal gunfire in the distance, could not be ignored. Hunter v. State, 295 Ala. 180, at 184, 325 So.2d 921 (1975).
Earlier, we had expressed doubt as to the sufficiency of the evidence without the results of the atomic absorption test. Since that test is admissible by default, a jury question is presented. If the State’s negative proof may be considered, the jury could have determined that since there was no evidence that Wilson fired the murder weapon, then it must have been appellant who fired the fatal shots. Such evidence goes, not toward proof of conspiracy, but toward proof that appellant himself was the trigger man.
We have held on numerous occasions that where there is legal evidence from which the jury can by fair inference find the accused guilty, this Court has no right to disturb the verdict. Bridges v. State, Ala.Cr.App., 340 So.2d 1137 (1976); 7 Alabama Digest, Criminal Law, 1159.2(8).
“It is not our function to satisfy ourselves that the appellant is guilty beyond a reasonable doubt. Our function, where sufficiency of the evidence is properly before us, is to examine the record and determine if the State presented sufficient evidence from which the jury might have found the appellant guilty beyond a reasonable doubt.” Howell, supra; Morton v. State, Ala.Cr.App., 338 So.2d 423, cert. denied, Ala., 338 So.2d 428 (1976).
The jury could properly find the appellant guilty based upon the evidence presented and reasonable inferences drawn therefrom.
AFFIRMED.
All the Judges concur except BOWEN, J., concurs in the result only.