BOOKOUT, Judge.
First Degree Murder. Sentence: Life Imprisonment.
The appellant was convicted July 31, 1975, and filed notice of appeal. Sentence was not suspended pending appeal. Pope was adjudged an indigent both at trial and on appeal. The trial court directed the court reporter to prepare an original transcript and three copies and estimated the court reporter’s fee to be $400, pursuant to Section 7, Act No. 525, Acts of Alabama 1963, approved September 16, 1963 [Title 15, Section 380(20)].
The case was submitted to this Court on the record proper without the court reporter’s transcript of the evidence. Counsel for appellant has filed a motion entitled, “MOTION TO REMAND OR IN THE ALTERNATIVE TO REVERSE THE INSTANT CONVICTION AND REMAND FOR A NEW TRIAL.”
The Circuit Clerk’s certificate,[1] in part, reads as follows:
“I further certify that on July 31, 1975 the Court ordered a free transcript of Record and Evidence and Court appointed Appellant Counsel (Jack Wilson) for Defendant.
I further certify that No Transcript of Evidence has to date been filed by Court *1382 Reporter (Paul Williams) with undersigned Clerk — and—No Order of extension for preparing Transcript of Evidence has been filed of Record with said Clerk.”
An indigent’s right to appeal cannot be thwarted by inaction on the part of the court reporter. Brooks v. State, 283 Ala. 459, 218 So.2d 271 (1968); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963).
It is the opinion of the Court that this cause should be remanded with directions to the trial court to correct the record so as to include a transcript of the evidence. The transcript of the evidence should be filed with the Circuit Clerk below within 60 days from this date, unless that period be extended by the trial court for cause, pursuant to statute. A complete record shall be filed with this Court by the Circuit Clerk, upon receipt of the court reporter’s transcript, as provided by law.
Remanded with directions.
All the Judges concur.

. It is noted in paragraph 2 of the Clerk’s certificate that the offense is incorrectly stated. Since a new Clerk’s certificate will be necessary after remandment, we call the Circuit Clerk’s attention to that apparent clerical error.