PER CURIAM.
On appellant’s motion to reverse and remand and the State’s motion to show cause.
The appellant was convicted of first degree murder on July 81,1975, and sentenced to life imprisonment. He was adjudged an indigent both at trial and on appeal, and the trial judge ordered that he be furnished a free transcript on appeal pursuant to law. Sentence was not suspended pending appeal.
The case was submitted to this Court on the record proper without the court reporter’s transcript of the evidence. On October 6, 1975, counsel for appellant filed a motion entitled, “MOTION TO REMAND OR IN THE ALTERNATIVE TO REVERSE THE INSTANT CONVICTION AND REMAND FOR A NEW TRIAL.”
The circuit clerk on the record proper certified that no transcript of the evidence or extension of time had been filed within the time required by law. This Court on October 21, 1975, remanded with directions *1384 that the transcript should be filed with the circuit clerk within sixty days, unless that period be extended by the trial court for cause.
On January 5, 1976, the trial court attempted to extend the time for filing the transcript until January 12, 1976. Such extension was granted after the time set by this Court for filing and purported to extend the time twenty-two days beyond the deadline set by this Court.
On January 6, 1976, counsel for appellant again filed a motion to remand. On January 7, 1976, the Attorney General moved this Court to require the trial judge to show cause why the transcript of evidence had not been filed as ordered. On January 20, 1976, appellant filed a reply to the Attorney General’s motion.
I
While it is the duty of a non-indigent appellant to perfect his appeal by seeing that a proper record is filed within time, the law places no such burden upon an indigent appellant. The law requires that the mechanism of our criminal justice system function in such a manner as to provide the indigent appellant with the proper tools with which to perfect his appeal. As pointed out in our earlier opinion in this cause:
“An indigent’s right to appeal cannot be thwarted by inaction on the part of the court reporter. Brooks v. State, 283 Ala. 459, 218 So.2d 271 (1968); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963).”
II
The court reporter failed to file a transcript of the evidence within sixty days of our order and failed to file a request for extension of time within that sixty day period. The transcript, which was filed twenty-two days late with the circuit clerk, contained a court reporter’s certificate to the effect that the transcript was reduced to typewriting from his original stenographic notes under his supervision and control and, “ . . . contains a full, true, and correct transcript of the testimony and proceedings as set out to the best of my ability.” (Emphasis supplied.)
Act No. 97, Section 1, Acts of Alabama 1956 (1st Special Session) approved February 9, 1956 (Title 7, § 827(1) Code Recompiled 1958), provides in part:
“The court reporter shall then promptly transcribe the evidence . . . certify the same and file it with the clerk within sixty days from the date on which the appeal was taken . . . (Emphasis supplied.)
The circuit judge, being the appointing authority, is under a duty to see that the court reporter functions properly. Pharr v. State, 45 Ala.App. 152, 227 So.2d 439 (1969). If the court reporter is unable to perform due to illness or other cause, the circuit judge should appoint a special reporter or use another court reporter in the same circuit if available, per Title 13, § 265, Code of Alabama 1940, Recompiled 1958 (1973 Cum.Supp.).
We are of the opinion that the certificate of the court reporter falls short of what Act No. 97, supra, requires. To certify means to attest authoritatively. Parham v. State, 34 Ala.App. 408, 40 So.2d 644 (1949); Bates v. Bates, 247 Ala. 337, 24 So.2d 440 (1946). Where the certificate of the court reporter shows his stenographic notes to have been transcribed into transcript form by someone else, albeit under his supervision and control, this Court and the appellant are entitled to an unqualified affirmation that the transcript is a full, true and complete record of the testimony. Admittedly, there is no statutory form for such certificate, however, where a citizen’s life or liberty depends upon our review of the record, due process requires that we have an accurate record to review. The burden is not upon the indigent appellant to see to this. The burden is upon the State, and it was placed there by the United *1385 States Constitution, Griffin v. Illinois and Draper v. Washington, supra, and by our legislature in Title 15, § 380(14) et seq. Code of Alabama Recompiled 1958 (1973 Cumulative Pocket Part).
The certification statute does not suggest that the court reporter may file a certificate that the transcript is accurate to the best of his ability. His ability, due to illness or other cause, may be so impaired that only a portion of the evidence is accurately transcribed. The record, once filed and after the statutory ten day period for notice of errors has run, should import a conclusive presumption of correctness upon which an appellate court may rely. Thus, the certificate should be worded in unequivocal terms.
To grant the State’s motion of January 7th and direct the trial judge to show cause why the transcript was not filed on time may apprise this Court of the reason for delay, but would not cure the denial of due process occasioned thereby.
On January 27, 1976, the State filed two additional motions; one requesting an extension of time for filing the transcript, and the other requesting that we direct the court reporter to, “amend his certificate by striking the phrase ‘to the best of my ability.’ ” The motions were submitted under Rule 11(c) and Rule 10(f), Alabama Rules of Appellate Procedure, respectively.
The instant appeal arose prior to the effective date of the new rules. The motion for extension of time does not set forth “cause” for extension, and it shows upon its face that the transcript was in fact filed (although late). The transcript is fatal for lack of a sufficient certificate. The motion to require the court reporter to amend his certificate is not well taken. Such a proce-' dure would not clear the suspicion already attached to the transcript. The court reporter’s certificate tells us he is uncertain that the transcript is fully accurate, and we will not tell him that he is certain and that he must so certify. An order to change the certificate would not, by magic, correct errors and omissions which may exist in the transcript itself.
The State’s motions are, therefore, overruled, and the appellant’s motion is hereby granted.
REVERSED AND REMANDED.
All the Judges concur.