Defendant Pope, an indigent, was convicted of first degree murder. He appealed his conviction, and was given a free lawyer, and finally, was given a free transcript. Pope obviously failed to timely file a transcript of the evidence or request an extension of time within which to file. Nevertheless, the Court of Criminal Appeals remanded his cause to the Circuit Court with directions that a transcript of the evidence should be filed with the Circuit Clerk within sixty days. The transcript of the evidence, which was filed twenty-two days late with the circuit clerk, contained a court reporter's certificate to the effect that the transcript contained a full, true, and correct transcript of the testimony proceedings as set out to the best of his ability. Pope excused his late filing of the transcript on the ground that the State had the burden to see that his transcript was not only filed in time, but that it was properly prepared. The Court of Criminal Appeals agreed with him, 345 So.2d 1382.
In remanding the cause, the Court held:
 "While it is the duty of a nonindigent appellant to perfect his appeal by seeing that a proper record is filed within time, the law places no such burden upon an indigent appellant. The law requires *Page 1387 
that the mechanism of our criminal justice system function in such a manner as to provide the indigent appellant with the proper tools with which to perfect his appeal. As pointed out in our earlier opinion in this cause:
 "`An indigent's right to appeal cannot be thwarted by inaction on the part of the court reporter. Brooks v. State, 283 Ala. 459, 218 So.2d 271 (1968); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963).'"
Neither Title 15, § 380 (14), Griffin, nor Draper, is authority for the court's holding that the State is saddled with the burden of making sure that a transcript of the evidence, in every indigent case, is timely filed, and that it contains the proper certificate.
Title 15, § 380 (14) et seq., merely provides a procedure whereby an indigent can receive a free transcript of the evidence. It does not exempt a defendant from the time filing requirements of law. The principles of both Griffin and Draper
are to the effect that "[d]estitute defendants must be affordedas adequate appellate review as defendants who have money enough to buy transcripts." 351 U.S., at 19, 76 S.Ct., at 591;372 U.S., at 488, 83 S.Ct. 774.
The Court of Criminal Appeals, by placing the burden on the State to see that a transcript is timely filed, and that it contains a proper certificate, has provided indigent defendants with a more adequate review than nonindigent defendants. That would be reverse discrimination. We reject it.
It is the duty of counsel for appellants to see that records pertaining to appeals are timely filed. Seals v. State,282 Ala. 586, 213 So.2d 645 (1968), (an indigent case); Orum v.State, 286 Ala. 679, 245 So.2d 831 (1971). By reversing and remanding this cause, we are not foreclosing the Court of Criminal Appeals from deciding whether appellant's counsel did, in fact, substantially comply with the requirements of law and the rules of this Court, or shows good cause why he did not, under the particular facts of this case. See Orum v. State, supra.
REVERSED AND REMANDED.
HEFLIN, C.J., and JONES, SHORES and BEATTY, JJ., concur.
 ON REHEARING
Defendant, through his court appointed counsel, in his application for rehearing, states that this Court's order takes the position that "the defendant had the duty of making the court reporter do something that the court reporter could not do."
As we pointed out in the original opinion, the Court of Criminal Appeals, on remand, can determine whether the failure to get a transcript timely filed was the fault of the defendant. If the defendant was not at fault, that court can, under its supervisory powers, compel the preparation of a correct transcript, or can allow the defendant time to prepare a succinct statement of the evidence in lieu of a transcript. See International Bro. of Teamsters, etc. v. Hatas, 287 Ala. 344, 252 So.2d 7 (1971).
A destitute defendant must be afforded an adequate appellate
review. The question is: If Pope had not been indigent, what steps would he have taken to get a transcript timely filed?
The recent decision of the Supreme Court of the United States, in Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691,48 L.Ed.2d 126 (1976), states the applicable principle:
 ". . . Under our adversary system, once a defendant has the assistance of counsel the vast array of trial decisions, strategic and tactical, which must be made before and during trial rests with the accused and his attorney. Any other approach would rewrite the duties of trial judges and counsel in our legal system." *Page 1388 
The Court, on its own, noted that the original opinion, which reversed the judgment of the Court of Criminal Appeals, was not considered by the full Court. Therefore, on rehearing, the full Court did consider the original opinion and the additional matter written on application for rehearing, and concurs therein.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
HEFLIN, C.J., and BLOODWORTH, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.