ON REHEARING
On application for rehearing, the defendant contends that this case is substantially different from Ex parte: State of Alabama ex rel. Attorney General, In re: Pope v. State, (Decided July 16, 1976) Ala., 345 So.2d 1385. We also note a substantial difference in the factual situation, but we are of the opinion that, upon remand, the Court of Criminal Appeals will be able to determine, by use of its supervisory powers, whether the defendant has been, or can be, afforded as adequate a review as a non-indigent. As we have pointed out further, on rehearing, in Pope, today, citing the recent decision of the Supreme Court of the United States, in Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976):
“. . . Under our adversary system, once a defendant has the assistance of counsel the vast array of trial decisions, strategic and tactical, which must be made before and during trial rests with the accused and his attorney. Any other approach would rewrite the duties of trial judges and counsel in our legal system.”
*465 Our original reversal rested primarily on the erroneous legal determination by the Court of Criminal Appeals that “the law places no burden upon an indigent appellant” to see that a proper record is filed on time. Naturally, the state could not refuse to afford an indigent as adc guate an appellate review as a non-indigent, but the Court of Criminal Appeals can still determine whether the defendant here was afforded as adequate an appellate review.
The Court, on its own, noted that the original opinion, which reversed the judgment of the Court of Criminal Appeals, was not considered by the full Court. Therefore, on rehearing, the full Court did consider the original opinion and the additional matter written on application for rehearing, and concurs therein.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
HEFLIN, C. J., and BLOODWORTH, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.