AFTER REMANDMENT
First degree murder; sentence: life imprisonment.
The transcript of the evidence was filed twenty-two days late. In addition there is some question as to the accuracy of the transcript. The Supreme Court has held that the appellant's appeal must be dismissed for failure to timely file a transcript of the evidence unless failure to file said transcript was not the fault of the appellant. Ex parte State;In re: Pope v. State (1976), Ala., 345 So.2d 1385. Also seePope v. State (1975), Ala.Cr.App., 345 So.2d 1381; Pope v.State (1976), Ala.Cr.App., 345 So.2d 1382.
On January 5, 1976, the Circuit Judge of Calhoun County, Honorable William C. Bibb, in extending the time allowed to file a transcript of the evidence made the following finding:
 "The Court finds the failure to file is not the fault of any party or any attorney in this cause."
It is therefore the opinion of the Court that this cause should be remanded with directions to the trial court to correct the record so as to include a correct transcript of the evidence. The transcript of the evidence should be filed with the Circuit Clerk below within sixty days from this date, unless that period be extended by the trial court for cause pursuant to statute. A complete record shall be filed with this Court by the Circuit Clerk upon receipt of the court reporter's transcript as provided by law. (Since this appeal was taken prior to December 1, 1975, the new Alabama Rules of Appellate Procedure do not apply.)
Either party may file objections to the transcript within ten days after the filing of the transcript with the Circuit Clerk. Title 7, § 827 (1a), Code of Alabama 1940, Recompiled 1958. If a correct transcript can not be obtained, then the appellant must be allowed time to prepare a succinct statement of the evidence, in lieu of a transcript, pursuant to Title 7, § 827 (3), Code of Alabama 1940, Recompiled 1958. See InternationalBrotherhood of Teamsters, etc. v. Hatas, 287 Ala. 344,252 So.2d 7 (1971). The parties should also file briefs on the merits.
The appellant is an indigent. Due to the peculiar circumstances which surround the failure of the court reporter to prepare and file a proper transcript of the evidence in this case, we would remand this case with the exact same directions had the appellant been a non-indigent.
REMANDED WITH DIRECTIONS.
All the Judges concur.
 ON REHEARING
Through his brief on rehearing, appellant contends that it is impossible to obtain an accurate transcript or a statement in lieu thereof. While we have no reason to doubt this, it is not a matter appearing of record and this Court is bound by the record, not the allegations appearing in brief. Edwards v.State, 287 Ala. 588, 253 So.2d 513 (1971). *Page 1390 
The trial court is the proper forum to determine whether or not it is possible to provide an accurate transcript or a statement in lieu of a transcript. If on remand to the trial court, appellant can support the allegations, as expressed in his brief on rehearing, the trial court should make a finding to that effect. The trial court is authorized to grant a new trial if its findings in this regard are favorable to the appellant. Swanson v. State (1976), Ala.Cr.App.,346 So.2d 1162.
OPINION EXTENDED; APPLICATION OVERRULED.
All the Judges concur.