TYSON, Judge.
The appellant, Swanson, was indicted for first degree murder and tried and convicted of murder in the second degree with the jury fixing punishment at imprisonment in the penitentiary for life. Judgment pronounced sentence on September 30,1975, in accordance with this verdict.
*1163 The appellant, prior to trial, was determined to be an indigent and was represented by court appointed counsel at arraignment and trial. The appellant’s attorney gave notice of appeal, timely, and the appellant was determined to be an indigent for purpose of appeal, and counsel appointed to represent him. On motion of the official court reporter, the record filed in this court reflects four extensions of time for the court reporter to prepare and file a transcript of the evidence of this case. The last extension granted the court reporter, on March 22, 1976, extended the time for the filing of the transcript of the evidence with the circuit clerk until April 2, 1976.
Thereafter, the circuit clerk under date of April 2,1976, certified a complete transcript of the record proper, which was filed in this court on April 5, 1976.
Thereafter, on motion of the appellant’s attorney, this court remanded this cause on June 15, 1976, to the circuit court for compliance with the provisions of Title 15, Section 380(20), Code of Alabama 1940, as amended 1963.
The circuit court has subsequently written a letter to this court, but has failed to file any formal findings as to the reasons why a complete transcript for the trial proceedings has not been made up and filed. We cannot consider a letter as a proper return to this court’s order of June 15,1976. See Title 15, Section 380(20), supra.
We note in passing that each prior order entered on motion of the official court reporter extending the time for filing the transcript of the evidence of this trial contains the notation that such was done due to the “heavy work load” of the court. Two of these orders contained the notation, “The failure to file [the transcript] is not the fault of any party or any attorney in this cause.” [R. 41—42]
Since this court’s original order of re-mandment in this cause, the Supreme Court of Alabama has entered its opinion in Ex parte State, In re Pope, Ms. July 16, 1976, opinion extended September 10, 1976, 345 So.2d 1385. Also Ex parte State, In re Smith, Ms. August 6,1976, also extended on September 10, 1976, 346 So.2d 464.
Therefore, pursuant to Pope v. State, Ala.App., 345 So.2d 1381 (1975), this cause is remanded with directions for the trial court to conduct a full and complete hearing as is required by the provisions of Title 15, Section 380(20), Code of Alabama 1940, as amended 1963, so as to include a correct transcript of the evidence. The transcript of the evidence should be filed with the circuit clerk below within sixty days from the date of this hearing, unless that time be extended by the trial court for cause pursuant to statute. A complete record shall be filed with this court by the circuit clerk upon receipt of the court reporters transcript of the evidence, as provided by law. [Since this appeal was taken prior to December 1, 1975, the new Alabama Rules of Appellate Procedure are not applicable.]
As pointed out by this court in Pope, supra, either party may file objections to the transcript of evidence within ten days after the filing of the transcript with the circuit clerk. Title 7, Section 827(la), Code of Alabama 1940, Recompiled 1958.
If a correct transcript of the evidence cannot be obtained, then the appellant must be allowed to prepare a succinct statement of the evidence or bystanders bill in lieu of a transcript of the evidence pursuant to the provisions of Title 7, Section 827(3), Code of Alabama 1940, Recompiled 1958. See also International Brotherhood of Teamsters, etc. v. Hatas, 287 Ala. 344, 252 So.2d 7. The parties should also file briefs on the merits. The appellant has been determined to be an indigent and counsel appointed in his behalf. Due to the peculiar circumstances which surround the failure of the court reporter to timely prepare and file a proper transcript of the evidence in this cause, we remand this ease for a hearing by the trial court as set out above. In the event the trial court determines that the appellant can be furnished “a record of sufficient completeness,” as is required by Griffin v. Illinois, 351 U.S. 12, *1164 76 S.Ct. 585, 100 L.Ed. 891; and Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899, to the end that the appellant may be afforded as adequate appellate review as an appellant who had funds with which to purchase a transcript of the evidence, then such transcript shall be timely filed with the circuit clerk.
If the trial court, following a hearing, should determine that, through no fault of the appellant or his attorney, the appellant is unable to be furnished with such transcript, then the trial court is authorized and directed to grant the appellant a new trial.
REMANDED WITH DIRECTIONS.
All the Judges concur.