TYSON, Presiding Judge.
On October 19,1976, this Court remanded this cause for a hearing with directions that the appellant, Sider Swanson, be given an opportunity, through counsel, to be furnished a record of “sufficient completeness” of his original trial held in the Circuit Court of Calhoun County, Alabama, as is required by Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891; and Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899, to the end that Sider Swanson might be afforded adequate appellate review, the same as an appellant who had funds with which to purchase a transcript of the evidence of the trial.
Pursuant to the mandate of this Court, the Circuit Court of Calhoun County conducted a hearing with trial counsel, who had originally represented the appellant, being present, along with the representa *1165 tives of the District Attorney’s Office, and an effort was made to reconstruct the original trial through a narrative recital prepared by the District Attorney’s Office.
The hearing being completed, the matter was then filed in the office of the Circuit Clerk of Calhoun County on December 17, 1976, and in turn forwarded to this Court and filed herein on December 21, 1976. An examination of the material sent to us reveals that there is an affidavit contained therein from counsel who represented the appellant at his original trial to the effect that he was not satisfied with the transcript which was being attempted, and that due to the difficulty of attempting to recall matters that had occurred more than one year previously, he was not satisfied with the narrative recital and could not accept it.
In Pope v. State, July 16, 1976, extended on rehearing September 10, 1976, 345 So.2d 1385, the Supreme Court of Alabama stated:
“. . . If the defendant was not at fault, that court , can, under its supervisory powers, compel the preparation of a correct transcript, or can allow the defendant time to prepare a succinct statement of the evidence in lieu of a transcript. See International Bro. of Teamsters, etc. v. Hatas, 287 Ala. 344, 252 So.2d 7 (1971).
“A destitute defendant must be afforded an adequate appellate review. . . . ”
Accordingly, this Court remands this proceeding to the Circuit Court of Calhoun County, Alabama, with specific instructions that the appellant be given an opportunity, through his attorney, to prepare a record of sufficient completeness, as aforesaid, and in the event that the trial court should determine that such record cannot be obtained, through no fault of the appellant or his trial attorney, then the trial court is authorized and directed to grant the appellant forthwith a new trial in accordance with the first opinion in this cause of this Court. Swanson v. State, Ala.Cr.App., 346 So.2d 1162 (1976).
REMANDED WITH DIRECTIONS.
CATES, BOOKOUT, JJ., concur.
HARRIS, J., dissents with opinion.
DeCARLO, J., not sitting.