Buying, receiving, or concealing stolen property; sentence: three years imprisonment.
On June 26, 1973, a white 1963 Chevrolet automobile belonging to Mrs. Alma Graves was stolen from the South Highland Hospital employee parking lot in Birmingham, Alabama. The automobile was recovered by the Birmingham Police Department on July 20, 1973. Latent fingerprints taken from the inside rear view mirror of the automobile were identified as matching those of the appellant.
On July 19, 1973, appellant was arrested by Birmingham police on suspicion of robbery. He was incarcerated in the city jail for approximately six days and then released. During that period of time, he was not charged with any crime. On July 19, 1973, he was fingerprinted and on the next day he was palmprinted.
On July 20, 1973, Birmingham police detectives received information from an undisclosed informant that the appellant had stolen and had been driving an automobile. The informant told police where to locate the car. The detectives went to that location and found Mrs. Graves' stolen automobile. *Page 1018 
The car was on the side of a public road, and the motor had been burned out. On the basis of the information received, detectives submitted the appellant's name to a fingerprint technician with the police department. The technician testified that the prints from the rear view mirror matched the appellant's fingerprints.
The appellant puts forth several grounds for reversal, however, we need deal with only one. At the close of the State's case in chief, the appellant made a motion to exclude the State's evidence on the ground of insufficiency to prove the charge. The trial judge overruled the motion, and the defense rested without putting on any evidence. On a two count indictment charging grand larceny and buying, receiving or concealing stolen property, the jury returned a verdict of guilty only on the latter charge thereby acquitting the appellant on the grand larceny charge.
To establish the offense of buying, receiving, or concealing stolen property, the following elements must be proved by the State: (1) the property must have been stolen; (2) the accused must have bought, received, concealed, or aided in concealing the property with the knowledge that it was stolen; and (3) the accused must have had no intention of returning the property to the owner. Scott v. State, 55 Ala. App. 318, 314 So.2d 921
(1975); Waters v. State, Ala.Cr.App., 360 So.2d 358, cert. denied, Ala., 360 So.2d 367 (1978); Title 14, § 338, Code of Ala. 1940 (now § 13-3-55, Code of Ala. 1975).
The evidence was undisputed that Mrs. Graves' automobile was stolen and that the fingerprints of the appellant were found on the inside rear view mirror of the automobile after it had been recovered by the police. That the appellant's fingerprints were on the mirror is material evidence that the appellant was present in the automobile at some point in time. Since the automobile was stolen from a public parking lot, and was discovered on a public street, the fingerprints could have been left on the mirror, either before the larceny or after the automobile had been abandoned by the thieves. The fact that police had received information from an undisclosed informant was not evidence in the case, but was brought out on voir dire examination outside the presence of the jury. Thus, the only evidence directly connecting the appellant with the automobile in any fashion was the fingerprints.
Judge Clark, speaking for this court in West v. State,57 Ala. App. 596, 329 So.2d 653, cert. denied, 295 Ala. 427,329 So.2d 658 (1976), said:
 ". . . Proof of guilt beyond a reasonable doubt in the minds of the jury is essential to a conviction. For the submission of the case to a jury, there must be substantial evidence tending to prove all elements of the crime, a mere scintilla not being sufficient. . . ." (Citations omitted.)
In a case similar to the one at bar, the Supreme Court of Mississippi stated in McLain v. State, 198 Miss. 831,24 So.2d 15 (1945):
 ". . . In the case before us here the sole and only proof against appellant consists of a thumb-print on the rear-view mirror, which is conclusive evidence of his identity, and that he had been in the car for some purpose; but evidence of identity and of presence alone is not equivalent to evidence of guilt of a particular crime, especially where several crimes could have been committed as to this car, but as to which a certain charge was made. The thumb-print here was not declaratory, as stated supra, of the nature of the crime, since it was not aided by other evidence identifying the particular crime, and did not exclude other crimes."
Citing McLain, the Mississippi Supreme Court stated in Evansv. State, Miss., 250 So.2d 619 (1971):
 ". . . While recent possession of stolen property may be established by circumstantial evidence, it must exclude every other reasonable hypothesis. Whenever, as here, the evidence leaves it uncertain which of several hypotheses is true, or merely establishes some finite probability in favor of one hypothesis *Page 1019 
rather than another, it does not amount to proof that appellant was in recent possession of stolen property. . . ."
The mere presence of the accused's fingerprints inside the car does not prove possession. Such proof, standing alone, has very little probative value in proving the offense charged in the indictment. The appellant was not charged with an illegal breaking and entering or burglary of the vehicle, in which case his fingerprints would have had great bearing on the primary issue in the case. The gist of the instant charge is the illegal possession of, or control over, stolen property.
As we have stated in various other cases dealing with possessory crimes, mere presence alone is insufficient for a conviction. Isbell v. State, 57 Ala. App. 444, 329 So.2d 133, cert. denied, 295 Ala. 407, 329 So.2d 140 (1976); Raley v. Cityof Andalusia, Ala.Cr.App., 341 So.2d 753 (1976); Crowden andAskew v. State, 55 Ala. App. 325, 315 So.2d 122, cert. denied,294 Ala. 756, 315 So.2d 128 (1975); Parks v. State, 46 Ala. App. 722, 248 So.2d 761 (1971). That the appellant's fingerprints were found on the mirror inside the stolen automobile does not show his dominion, possession, or control over the vehicle. It denotes mere presence only and fails to establish any particular time for the appellant's presence in the automobile.
Just as footprints in the snow are circumstantial evidence of a person's presence, so too are fingerprints circumstantial evidence of presence. But, the test is that a conviction may be had on circumstantial evidence so long as that evidence is so strong and cogent as to show the defendant's guilt to a moral certainty. Tanner v. State, 291 Ala. 70, 277 So.2d 885 (1973);Hollenquest v. State, 290 Ala. 146, 274 So.2d 613 (1973); Ganttv. State, Ala.Cr.App., 356 So.2d 707, cert. denied, Ala.,356 So.2d 712 (1978). As stated in Taylor v. State, 46 Ala. App. 105, 238 So.2d 902 (1970):
 "When the evidence in a criminal case raises a mere suspicion, or if the defendant's guilt is uncertain or dependent upon conjecture or probability, the trial court should grant a motion to exclude or give the requested general affirmative charge; for such evidence does not overcome the presumption of innocence with which every accused is clothed."
This court stated in Duncan v. State, Ala.Cr.App.,338 So.2d 446 (1976):
 ". . . We cannot affirm a conviction based upon mere conjecture or speculation where the record is completely silent as to an essential element of the offense. . . ."
Of the essential elements of the offense, the State only proved that the vehicle had been stolen. Proof that the appellant had touched the rear view mirror in the automobile at some undetermined point in time does not prove or raise an inference that the accused either bought, received, concealed, or aided in concealing the automobile with the knowledge that it was stolen and having no intention to return it to the owner. Those latter elements of the offense were left to mere conjecture or speculation on the part of the jury. The trial court therefore erroneously overruled the appellant's motion to exclude the State's evidence.
A regrettable aspect of this case is that the appellant has apparently served the entire term of the instant sentence in the penitentiary pending the outcome of this appeal. The record shows that the appellant was sentenced to three years in the penitentiary on April 30, 1975. At that time, he gave notice of appeal but elected to take a "working appeal," meaning that he elected to begin serving his sentence. The trial court credited the appellant with all the time he had spent incarcerated in the county jail pending trial.
From the record, it appears that the court reporter applied for and was granted seven extensions of time for filing the transcript of the evidence thus resulting in this inordinate delay in the appeal process. Undue delays on the part of court reporters in preparation of trial transcripts have caused the appellate courts of Alabama numerous problems in the past. See:Smith v. State, *Page 1020 
Ala.Cr.App., 346 So.2d 463, reversed Ala., 346 So.2d 464
(1976), after remand, Ala.Cr.App., 346 So.2d 465 (1976), appeal after remand, Ala.Cr.App., 346 So.2d 382, cert. denied, Ala.,346 So.2d 385 (1977); Pope v. State, Ala.Cr.App.,345 So.2d 1381 (1975), reversed, Ala., 345 So.2d 1385, on remand, Ala.Cr.App., 345 So.2d 1388 (1976), cert. dismissed, Ala.,345 So.2d 1390 (1977), appeal dismissed, Ala.Cr.App.,345 So.2d 1390. In order to deal with this problem and others brought on by an antiquated appellate procedure, our Supreme Court adopted the new Alabama Rules of Appellate Procedure. Rule 11 worked a complete change in the mechanics of completion and transmission of a record on appeal. It has corrected many of the problems encountered in the old appellate procedure such as the instant delayed appeal.
A new trial is normally granted an appellant when his conviction has been reversed and remanded. However, in the instant case, the trial court, in making a proper disposition of this case, should take into consideration the fact that the appellant has already served the sentence imposed.
REVERSED AND REMANDED.
All the Judges concur.