TYSON, Judge.
Hershell Eugene Franklin was convicted in Jefferson County of buying, receiving, or concealing stolen property, and was sentenced to six years imprisonment. From that judgment and sentence, he now brings this appeal in forma pauperis.
On Saturday, September 2, 1978, Beverly and Noland Parsons left their Chevrolet van at the Chippsaw Bend Apartments in Jefferson County. The next afternoon they discovered that the van was missing and reported the theft to the sheriff’s office. About a month later, Mrs. Parsons went to the sheriff’s office and identified a van hood and a metal side piece as being parts of her van. The hood had a vehicle identification number that corresponded with the vehicle identification number from her van.
These parts of the van were seized on September 8, 1978, during a search of a farm house located in Jefferson County. When officers of the Jefferson County Sheriff’s Office arrived at the farm house, they were told by Frank Hawkins, who was working outside, that he had rented the house and surrounding land the previous day. Hawkins informed the officers that the appellant had been paying the rent and living in the house and that he still had furniture and other articles inside. The officers had a search warrant for the house, but, since Hawkins gave them permission to search, they did not execute the warrant.
The previously mentioned van hood and side pieces were found inside, and a number of pieces of sheet metal were found in a field behind the house. Both the van hood *269 and one of the pieces of sheet metal carried the vehicle identification number, later determined to be that of the van stolen from the Parsons.
On September 21, 1978, the officers returned to the farm house and recovered the license tag of the Parsons’ van from a well, twelve feet from the back door of the house.
James Howell, an evidence technician and fingerprint expert for the Jefferson County Sheriff’s Office, testified that he lifted a number of fingerprints from the pieces of sheet metal found outside the farm house. Howell stated that the piece of sheet metal which contained the vehicle identification number contained one fingerprint, which he determined to belong to the appellant.
Appellant did not testify nor present any evidence in his behalf at trial.
I
Appellant’s sole contention on appeal is that the trial court erred in denying his motion to exclude the State’s evidence. Specifically, he maintains that there was insufficient evidence presented at trial to establish the elements of buying, receiving, or concealing stolen property.
To establish the offense of buying, receiving, or concealing stolen property, the State must prove the following:
(1) The property must have been stolen;
(2) The accused must have bought, received, concealed, or aided in concealing the property with the knowledge that it was stolen; and
(3) The accused must have had no intention of returning the property to the owner. § 13-3-55, Code of Alabama 1975; Scott v. State, 55 Ala.App. 318, 314 So.2d 921 (1975); Johnson v. State, 41 Ala.App. 351, 132 So.2d 485 (1961).
Clearly, the first element of the offense was established at trial. Scott v. State, supra; Wood v. State, 18 Ala.App. 654, 94 So. 256 (1922).
The remaining two elements may be established by a showing that the accused recently possessed the stolen goods. Hunt v. State, Ala.Cr.App., 331 So.2d, 834 (1976). The jury may also infer the requisite scienter from the facts and circumstances surrounding the whole transaction. Hunt v. State, supra; Waters v. State, Ala.Cr.App., 360 So.2d 358, writ denied, 360 So.2d 367 (1978); Carroll v. State, Ala.Cr.App., 338 So.2d 432 (1976); Ingram v. State, Ala.Cr.App., 356 So.2d 761 (1978).
In support of his argument on appeal, appellant relies on Ladd v. State, Ala.Cr.App., 363 So.2d 1017 (1978), which held that the mere presence of the accused’s fingerprints on stolen property was insufficient to establish a prima facie case of buying, receiving, or concealing stolen property. In Ladd, supra, the only evidence presented at trial to establish the defendant’s alleged possession of a stolen car was a showing that his fingerprints were found on the car’s rear view mirror.
In the present case, however, not only was there evidence presented at trial showing appellant’s fingerprint on one stolen item, but it was also shown that the house from which the goods were recovered had been rented by the appellant until the day before the search.
Moreover, there was undisputed testimony that appellant had furniture, appliances and other personal items in the house at the time of the search.
We hold that there was sufficient evidence presented by the State to submit the cause to the jury and, therefore, the trial court properly overruled appellant’s motion to exclude. Authorities herein cited.
This case is
AFFIRMED.
All the Judges concur.