TYSON, Judge.
Hershell Eugene Franklin was indicted by the grand jury for the offense of buying, receiving, concealing, or aiding in concealing stolen property. Trial was held on a plea of not guilty. The jury found appellant “guilty as charged in the indictment,” and the trial court set sentence at four years imprisonment in the penitentiary. This appeal followed.
On the morning of August 31, 1978, Thomas W. Lett parked his Volkswagen Superbeetle on Twelfth Avenue near the University of Alabama in Birmingham. When he returned from work that afternoon his car was gone. He immediately reported the theft of his vehicle to the Birmingham police.
On September 7, 1978, Sergeant Bob Graham of the Jefferson County Sheriff’s Office went to the old Price property in Jefferson County in response to a telephone call. There he found a Volkswagen that had been stripped of a number of its parts. This vehicle was traced and identified as *760 being the Volkswagen stolen from Thomas Lett. After an evidence technician for the Jefferson County Sheriff’s Office processed the Volkswagen for fingerprints, the vehicle was towed to a service station where Mr. Lett subsequently identified it.
Fingerprints later identified as those of the appellant were found on the vehicle.
Sergeant Graham obtained a search warrant for appellant’s house located in rural Jefferson County. On September 7, 1978, the house had been rented to Frank G. Hawkins, but appellant had occupied the premises until that time and much of his furniture and other belongings remained in the house. On September 8, 1978, Mr. Hawkins gave the officers permission to search the area and, thereafter, the rear windshield of Mr. Lett’s Volkswagen was found.
The appellant did not testify nor present any evidence in his behalf at trial, nor did he submit a brief in this appeal.
The record reveals no error which would require reversal of this cause. The State clearly presented sufficient evidence at trial to establish a prima facie case of buying, receiving, or concealing stolen property. The State proved that the vehicle was stolen and presented sufficient evidence to raise an inference that the accused recently possessed the stolen goods. Thus, the trial court was correct in overruling appellant’s motion to exclude. Hunt v. State, Ala.Cr.App., 331 So.2d 834 (1976); Franklin v. State, Ala.Cr.App., 378 So.2d 267 (1979), and authorities therein cited.
Appellant’s single requested charge was substantially and fairly given to the jury in the court’s oral charge, and, therefore, the court did not err in refusing same. Mains v. State, Ala.Cr.App., 375 So.2d 1299 (1979), and authorities therein cited. See § 12-16-13, Code of Alabama 1975.
The appellant’s objection to the testimony of the evidence technician which compared the fingerprints lifted from the Volkswagen with the known fingerprints of the appellant was properly overruled. The evidence technician had previously been shown to be an expert in lifting and comparing fingerprints. Little v. State, Ala.Cr.App., 357 So.2d 379 (1978); Scruggs v. State, Ala.Cr.App., 359 So.2d 836, cert. denied, Ala., 359 So.2d 843 (1978); Brown v. State, Ala.Cr.App., 377 So.2d 1139 (1979), and authorities therein cited.
There being no error disclosed by the record, this cause is due to be and is hereby
AFFIRMED.
All the Judges concur.