PER CURIAM.
Petitioners Charles J. Steen and Geraldine Steen were convicted of securities fraud in separate trials in the Circuit Court of Lamar County, Alabama, in 1977. Following timely notices of appeal, Petitioners filed for numerous extensions of time to allow completion of the transcripts. These extension requests were granted by the Court of Criminal Appeals.
In January of 1980, Petitioners were informed that the trial court reporter had died, and that a new court reporter had been assigned to transcribe the trial notes. Petitioners immediately made application to the new court reporter to proceed with the transcriptions. The new reporter declined because of the difficulties encountered in transcribing another reporter’s notes. The State, of Alabama, on February 7, 1980, filed a Motion to Dismiss the Steens’ appeal, which Motion was granted without opinion. Petitioners’ subsequent attempts to have this order vacated resulted in the following order by the Court of Criminal Appeals:
“It appearing to the Court of Criminal Appeals that obtaining transcripts of the trials in the above-styled causes is impossible, it is hereby ordered that the motion to set aside dismissals and reinstate appeals be and the same is hereby denied.”
They now petition this Court for relief.
Because of the finding by the Court of Criminal Appeals “that obtaining [these] transcripts is impossible,” and because this impossibility was neither induced nor contributed to in any degree by Petitioners, the orders of dismissal are reversed and these causes are remanded to the Court of Criminal Appeals with directions to set aside the convictions and remand these causes to the trial Court for new trials. Our holding is mandated by the minimum requirements of due process of law. See Pope v. State, 345 So.2d 1388 (Ala.Cr.App.1976); and ARAP 2.
REVERSED AND REMANDED.
FAULKNER, JONES, ALMON, EMBRY and BEATTY, JJ., concur.
TORBERT, C.J., and MADDOX and SHORES, JJ., dissent.