MADDOX, Justice
(dissenting).
The majority, by reversing the judgment of the Court of Criminal Appeals and remanding the cases to that court with instructions to set aside the Steens’ convictions and remand their cases to the trial court for new trials, has granted the Steens more relief than they asked for, and has completely ignored the procedure set out in Rule 10(d) and (e), ARAP.
Admittedly, the Court of Criminal Appeals should not have determined that it was impossible for the Steens to get up a transcript of the evidence; therefore, I agree that the judgment of dismissal by the Court of Criminal Appeals was erroneous and is due to be reversed. Once the appeals are reinstated in the Court of Criminal Appeals, the Steens should be allowed, pursuant to Rule 10(d) and (e), to get a transcription of the evidence of their trials prepared and filed in the Court of Criminal Appeals.
The petitioners’ prayer for relief reads as follows:
WHEREFORE, Petitioners respectfully request that after a preliminary examination, the writ of certiorari be granted and that this Court proceed under its rules to review the matters complained of, and to reverse the judgment of the Court of Appeals and reinstate the appeals giving Petitioners time in which to determine whether transcription is possible, or in the alternative remand the case to the trial court for a determination about whether or not a transcript or substitute thereof can be had with instructions to the trial court to direct a new trial if not possible. Petitioners also pray for such other relief as they may be entitled and which will preserve their rights to new trials. [Emphasis added.]
It is perfectly clear that the petitioners requested a new trial only in the event that a transcript or a substitute was deemed unavailable by the trial court. As I read their request, they simply pray that this Court will mandate that the Court of Crimi *1383 nal Appeals follow the requirements of Rule 10(d) and (e), ARAP.
The majority seizes upon the findings made by the Court of Criminal Appeals that it was “impossible” to get a transcript, and then uses that finding as a basis for ordering new trials.
The Steens, in a brief filed here in connection with their petitions for certiorari, contend that they can get the testimony transcribed and can, if their appeals are reinstated, show that there was error to reverse in their initial trials. They say:
The dismissals of the appeals of the Steens have deprived them of their rights to an appeal and new trial. As the case stands now, the appeals have been dismissed, and the Steens will now have to begin serving time in the Alabama penitentiary. The Steens categorically deny that they are guilty of an “obvious failure” to prosecute their appeals. Even if they were, less drastic remedies other than dismissal of their appeals could be imposed. Appellants Steen are being punished unreasonably because [a court reporter who did not take down the testimony] feels that he would find the transcription of their trials “tedious.” If transcription is too “tedious” for [the reporter], Appellants will gladly provide their own Court Reporter to attempt transcription. Appellants respectfully request that this Court reverse the decision of the Court of Appeals dismissing their appeals and grant whatever relief this Court can grant to insure that they do not lose their right to a new trial. [Emphasis added.]
The petitioners filed a brief on rehearing in the Court of Criminal Appeals, and have included that brief in their petition for cer-tiorari to this Court. In that brief, they stated:
Ordinarily where a transcript has not been timely filed in the Appellate Court, the Appellate Court would remand the case to the trial court with instructions to determine whether or not the Defendant was at fault in failing to file. The trial court if it determined that the Defendant was without fault could then direct the preparation of a proper transcript or could allow the preparation of a succinct statement of the evidence in lieu of a transcript. Eg., Pope v. State, 345 So.2d 1385 (Ala.1976). If preparation of the transcript or a substitute was then determined to be impossible, the trial court would then be required to grant a new trial. Pope v. State, 345 So.2d 1388 (Ala.App.1976).
It should be pointed out in the instant case that although a lengthy period of time has elapsed since the trial of these causes, Petitioners have applied for and obtained extensions of time in which to file the transcripts so that the transcripts are not in that sense untimely filed. The dismissals of the appeals in the instant cases arose because the Appellee filed a motion to dismiss the appeals because of lack of diligence in pursuing the appeals. In dismissing the appeals, this Court gave no reason for doing so and its subsequent order of February 14, 1980, seems to indicate that they were dismissed because of the impossibility of acquiring the transcripts because of the death of the Court Reporter, rather than because of any want of diligence by Petitioners in pursuing their appeals.
Indeed, Petitioners-Appellants would strongly contest lack of diligence on their part if this was the basis of the Court’s dismissals and subsequent denial of Petitioners’ motions to set aside the dismissals and reinstate the appeals. Petitioners sought extensions of time within which to file the transcripts whenever necessary, prepaid costs when required and timely sought to contact the new Court Reporter as soon as informed of the death of the original reporter.
Apparently, undue delays by the Court Reporters have been a problem for Alabama Courts in the past. In Carter v. State, 356 So.2d 682 (Ala.App.1978), the Court of Criminal Appeals noted,
This Court has had considerable difficulty in the past in obtaining trial transcripts from some court reporters [citations omitted].
*1384 Similarly, in Ladd v. State, 363 So.2d 1017, 1019-20 (Ala.1978), the Court of Criminal Appeals again pointed out,
From the record, it appears that the court reporter applied for and was granted seven extensions of time for filing the transcript of the evidence thus resulting in this unordinate delay in the appeal process. Undue delays on the part of court reporters in preparation of trial transcripts have caused the appellate courts of Alabama numerous problems in the past. See: Smith v. State, Ala.Cr.App., 346 So.2d 463, reversed Ala., 346 So.2d 464 (1976), after remand, Ala.Cr.App., 346 So.2d 465 (1976), appeal after remand, Ala.Cr.App., 346 So.2d 382, cert. denied, Ala., 346 So.2d 385 (1977); Pope v. State, Ala.Cr.App., 345 So.2d 1381 (1975), reversed, Ala., 345 So.2d 1385, on remand, Ala.Cr.App., 345 So.2d 1388 (1976), cert. dismissed, Ala. 345 So.2d 1390 (1977), appeal dismissed, Ala.Cr.App., 345 So.2d 1390.
Petitioners have done everything within their power to get the transcripts filed in these causes and will comply with any directions of this Court or the trial court which will help to expedite the transcription. Petitioners have certainly not been guilty of any “obvious failure” to prosecute required for dismissal by Rule 2 of the Alabama Rules of Appellate Procedure. Neither have Petitioners received any notice of any default and failed to correct it as required by Rule 2(b).
Is there any doubt that the petitioners want their appeals reinstated so they can have an opportunity to get a proper transcript filed? I think not.
As the Court of Criminal Appeals correctly stated in Pope v. State, on remandment, 345 So.2d 1381 at p. 1390:
The trial court is the proper forum to determine whether or not it is possible to provide an accurate transcript or a statement in lieu of a transcript. If on remand to the trial court, appellant can support the allegations, as expressed in his brief on rehearing, the trial court should make a finding to that effect. The trial court is authorized to grant a new trial if its findings in this regard are favorable to the appellant. Swanson v. State, (1976), Ala.Cr.App. 346 So.2d 1162.
The Court of Criminal Appeals should not have determined that it was impossible for the Steens to get a transcript, but, on the other hand, this Court should not use that determination by the Court of Criminal Appeals as the basis upon which to predicate the granting of a new trial.
For the above-stated reasons, I must respectfully dissent.
TORBERT, C.J., and SHORES, J., concur.