TYSON, Judge.
Lonzell Demtric Norwood appeals from the denial of his petition seeking post-conviction relief by way of a petition under Rule 20, A.R.Crim.P.Temp.
The circuit court appointed counsel and conducted a full evidentiary hearing on the merits of the appellant’s allegations. Judge Thomas Wilson, serving as special circuit judge, entered his order dated August 20, 1990, which reads as follows:

“ORDER

“This cause came to be heard on petitioner’s post-conviction Rule 20 motion to set aside his guilty plea on the grounds that it was not voluntarily given and ineffective assistance of counsel. Further, the petitioner argues that his guilty pleas should be set aside because there is not a *114 transcript of the guilty pleas available. Prior to making factual findings, the Court will dispose of the last argument first. The petitioner cites the case of Steen v. State, 431 So.2d 1381, for his argument that the guilty plea should be set aside because there was no transcript of the guilty plea. However, it is the opinion of this court that the Steen case is distinguishable from the instant case. In this case, the transcript of the guilty pleas is only of the colloquy of the guilty pleas and is only one item of evidence of what took place during the guilty pleas. The petitioner and both attorneys were present at the guilty pleas and testified as to the proceedings of the guilty pleas. While a transcript is vital in a direct appeal, it is not indispensable in a Rule 20 petition seeking to set aside a guilty plea. Therefore, the court overrules the petition as to that ground.
“As to the other grounds, the court finds the following facts:
“In cases CC78-416, -417, -419, -428 and -475, the defendant was represented by John England, an attorney at. law. The record indicates that the defendant was arraigned in these cases on May 19, 1978 after waiving the right to apply for youthful offender. John England testified that the defendant, at that time, had prior cases and had previously been denied youthful offender status on a 1977 case. The record further shows that on June 15, 1978, the defendant voluntarily pleaded guilty and received a 3-year sentence in each of these cases. The defendant received probation in all these cases except CC-78-419. Each court file contains an Ireland form, signed by the defendant and containing all the defendant’s rights. John England testified that his practice was to go over the explanation of rights form with the defendant before the defendant signed it. The attorney signed a certification on the form that he explained the defendant’s rights to him.
“In case CC-810475, Mike Cornwell, an attorney at law, represented the petitioner. Mike Cornwell testified that he, without exception, went over the explanation of rights form with a defendant and would not let a defendant sign the form or plead guilty unless the defendant understood his rights and the plea bargain was a fair settlement. The court file verified that the defendant signed the explanation of rights form. The defendant disputed the testimony of both attorneys in all regards except that he admitted he signed the explanation of rights form. However, after observing the demeanor of the petitioner and of the attorneys, this court finds the petitioner’s testimony is not credible.
“The petitioner also complained that the trial judge did not establish a factual basis for the guilty pleas. The charges in these cases were Forgery II, unauthorized use of a vehicle, and receiving stolen property. There was testimony that the indictments were read to the defendant. In simple cases, reading the indictment has been held sufficient to establish a factual basis (Young v. State, 408 So.2d 199 [ (Ala.Cr.App.1981) ]). None of the charges in these cases are complicated and a factual basis was established by reading the indictments.
“In reviewing the petitioner’s claim of ineffective assistance of counsel, the court finds no credible evidence to support this claim and further finds that the petitioner received effective assistance of counsel as contemplated by the standards of Strickland v. Washington [466 U.S. 668], 104 S.Ct. [2052,] 2068 [80 L.Ed.2d 674 (1984)]. Petitioner also asserts that he was not advised of his right to appeal. The law holds that generally there is not a constitutional right to be informed of a right to appeal absent extraordinary circumstances. The appellant presented no evidence of extraordinary circumstances in these cases (Carey v. Leverette, 605 F.2d 745 [(4th Cir.1979)]) (Langford v. State, 531 So.2d 944 [Ala.Cr.App.1988]).
“The petitioner’s Rule 20 petition is-hereby overruled and denied.
“ORDERED this the 20 day of August, 1990.
“/s/ Thomas S. Wilson
“Circuit Judge” (R. 209-12)
*115 I
As noted in above order, the appellant’s post-conviction proceedings essentially raise two grounds. The first is that his two sets of guilty pleas were not understandingly and intelligently entered within the meaning of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973), which deals with range of punishment.
The second allegation is that the appellant did not receive effective assistance of counsel on the occasion of entering his pleas of guilty in the Circuit Court of Tuscaloosa County on two separate occasions.
The appellant had initially entered pleas of guilty in the Circuit Court of Tuscaloosa County on June 15, 1978 in cases number CC-78-416, 78-417, 78-419 and 78-428. The appellant had been represented at arraignment and at the guilty plea proceeding by the Honorable John England. The record indicates that Mr. England went over the explanation of the appellant’s constitutional rights and the plea of guilty, commonly referred to as Ireland forms. See Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971). Moreover, Mr. England testified at the post-conviction proceeding that on each occasion, appellant’s constitutional rights were fully explained to him and that the circuit judge did make due inquiry as to whether the appellant understood the plea. He testified that the appellant was denied probation in these cases. The record is clear that the appellant did not take an appeal from these convictions.
As to cases number 78-416, 78-417 and 78-428, Norwood was granted probation for a period of 5 years, with his probation to run after serving a 3-year sentence in CC-78-419. The sentencing and denial of probation were entered on June 15, 1978. Thereafter, the appellant appeared in circuit court in 1982, specifically on February 12,1982, at which time he was sentenced to 3 years’ imprisonment from the entry of his plea, and he subsequently withdrew his request for probation.
The court reporter of each of the cases where guilty pleas were entered was Mr. David Black. The record establishes that there is no transcript available of the colloquies which took place and that the appellant had not made any effort to appeal either of these guilty pleas through any of the attorneys who represented him or through pro se petition filed by the appellant himself.
The testimony from the record indicates that, inasmuch as the appellant was denied probation, the usual procedure would have been to explain his right to appeal and that “the judge would have said that.” There is, of course, no direct testimony establishing that the trial judge on the occasion of taking the guilty pleas did use these words. The testimony at the hearing was to the effect that that was the usual custom and practice.
A diligent effort has been made to locate the notes, in an effort to prepare a transcript of the guilty plea proceeding, which would include the colloquy at issue. The trial judge, in denying the Rule 20 petition, noted that both attorneys testified, and that the Ireland forms established that the appellant’s constitutional rights were fully explained to him. The appellant, while admitting that he did sign the Ireland forms, denies that his constitutional rights were fully explained to him. This raises an issue under the testimony and record as presented, which was determined adversely to this appellant. We affirm this determination by the trial court. This is based upon our examination independently of this record.
We are also aware that a diligent effort has been made to locate a transcript of the guilty plea proceedings in each instance, both in 1978 and 1982.
Each side has cited to this court on appeal this court’s opinion by Judge Bowen in Mayola v. State, 344 So.2d 818, (Ala.Cr.App.) cert. denied, 344 So.2d 822 (Ala.1977). As indicated by Judge Bowen, speaking for the court, the appellant has a right to a free transcript and this is not limited to direct appeals solely from criminal convictions. Yet, as in Mayóla, we *116 have a time frame in which this petition was not filed until nearly 9 years after the second guilty plea and some 11 years after the first guilty plea. It is clear that the appellant never gave notice of appeal nor sought either through counsel or pro se to appeal the guilty pleas to this court. He was fully represented by counsel at these hearings, and the record indicates that his counsel endeavored to protect his rights.
A diligent effort has been made by counsel who represents this appellant in this appeal to obtain the original transcript or the court reporter's notes. This was without success. There has been no indication that there was an intentional State action designed to discriminate against this appellant. His contention, therefore, that he was denied due process because the State failed to prepare a transcript from the original guilty plea proceeding, which he has attacked through Rule 20, must fail. May-óla, supra.
Likewise, from our examination of this record, we affirm the trial court’s determination that the guilty pleas in question were intelligently and understanding^ entered with full knowledge of the consequences. It is clear that in the first instance, after entering guilty pleas in 4 cases, the trial court denied the appellant probation. This, as was the custom at that time, would have automatically triggered the trial court’s explanation of the appellant’s right to appeal.
II
We have carefully examined this record under the standards set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), with reference to the due process rights of the appellant, as well as those set forth in Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), which makes the Strickland standards applicable to guilty plea proceedings.
Having examined the record, we are of the opinion that the trial court correctly determined that there has been no denial of the appellant’s constitutional rights to the effective assistance of counsel within the
meaning of the above cited cases. We are satisfied from our examination of the record that attorney John England, Jr., who represented the appellant in the 1978 guilty plea proceedings, and Michael Corn-well, who represented the appellant in the 1981-82 proceeding, along with the Honorable J.C. Terry, fully explained to the appellant his rights and conscientiously represented the appellant in each of these proceedings.
For the aforesaid reasons, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.